1   Robert A. Bailey (# 214688)
      rbailey@afrct.com
2   Kenneth A. Franklin (# 143809)
      kfranklin@afrct.com
3   ANGLIN, FLEWELLING, RASMUSSEN,
      CAMPBELL & TRYTTEN LLP
4   199 South Los Robles Avenue, Suite 600
    Pasadena, California 91101-2459
5   Telephone:  (626) 535-1900
    Facsimile:   (626) 577-7764
6
    Attorneys for
7   WELLS FARGO BANK, N.A., successor by
    merger with Wells Fargo Bank Southwest, N.A.,
8   f/k/a Wachovia Mortgage, FSB, f/k/a World
    Savings Bank, FSB ("Wells Fargo")
9

10              UNITED STATES DISTRICT COURT

11       NORTHERN DISTRICT OF CALIFORNIA – OAKLAND

12

13  HEDDI LINDBERG,                          | CASE NO.: 4:13-CV-0808-PJH

14          Plaintiff,                        | [The Honorable Phyllis J. Hamilton]

15      v.

16  WELLS FARGO BANK, N.A., A/K/A          | **DEFENDANT WELLS FARGO BANK,**
    WACHOVIA MORTGAGE as successor by     | **N.A.'S MOTION TO DISMISS THE FIRST**
17  merger with WORLD SAVINGS BANK, FSB;  | **AMENDED COMPLAINT PURSUANT TO**
    REGIONAL TRUSTEE SERVICES             | **F.R.C.P. RULES 9 AND 12(b)(6)**
18  CORPORATION, and DOES 1 through 50,
    inclusive, and all persons unknown, claiming
19  any legal or equitable right, title, estate, lien, or  | Date:   May 15, 2013
    interest in the property described in the             | Time:   9:00 a.m.
20  complaint adverse to Plaintiff's title, or any        | Ctrm:   3, 3rd Floor
    cloud on Plaintiff's title thereto, named as
21  DOES 51-100, inclusive,

22          Defendants.

23

24

25      **TO PLAINTIFF AND HER COUNSEL OF RECORD:**

26      **PLEASE TAKE NOTICE** that on May 15, 2013, at 9:00 a.m. in courtroom 3, 3rd floor

27  of the above-entitled Court, located at 1301 Clay Street, Oakland, California, the Honorable

28  Phyllis J. Hamilton presiding, defendant Wells Fargo Bank, N.A., successor by merger with

*(vertical left margin)* ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage, FSB, formerly

2  known as World Savings Bank, FSB ("Wells Fargo"), will move to dismiss the first through

3  eighth claims in the First Amended Complaint ("FAC"), pursuant to F.R.C.P. §§8  9 and

4  12(b)(6).

5      The entire FAC fails meet the Rule 8 pleading requirements. The additional ground are as

6  follows:

7      1.    **First Claim for Relief:  Declaratory**

8      Plaintiff fails to state a claim for declaratory relief because:  (i) any controversy has

9  ripened into a claim; (ii) declaratory relief is unnecessary; (iii) this claim fails for the reasons the

10 other claims fail and because Wells Fargo has the right to foreclose; and (iv) the claim for relief

11 is preempted by the Home Owners' Loan Act ("HOLA").

12     2.    **Second Claim for Relief:  Injunctive Relief**

13     Plaintiff fails to state a claim for injunctive relief because:  (i) injunctive relief is a

14 remedy and not a claim for relief, not a claim for relief.

15     3.    **Third Claim for Relief:  Intentional Infliction of Emotional Distress**

16     Plaintiff fails to state a claim because:  (i) the claim is preempted by HOLA; and (ii)

17 plaintiff fails to properly plead the required elements.

18     4.    **Fourth Claim for Relief:  Negligent Infliction of Emotional Distress**

19     Plaintiff fails to state a claim because:  (i) the claim is preempted by HOLA; and (ii)

20 plaintiff fails to properly plead the required elements.

21     5.    **Fifth Claim for Relief:  Quite Title**

22     Plaintiff fails to state a claim for relief because:  (i) the claim is preempted by HOLA;

23 and (ii) plaintiff has failed to allege the elements of quiet title.

24     6.    **Sixth Claim for Relief:  Covenant of Good Faith and Fair Dealing**

25     Plaintiff fails to state a claim for relief because:  (i) the claim is preempted by HOLA;

26 and (ii) plaintiff has failed to allege the elements of the claim.

27     7.    **Seventh Claim for Relief:  Fraud**

28     Plaintiff fails to state a claim for relief because:  (i) the claim is preempted by HOLA; (ii)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  fraud has not been pled with the required specificity; (iii) the claim is barred by the statute of

2  limitations;  and (iv) plaintiff has failed to allege the elements of the claim.

3      8.      **Eighth Claim for Relief:  Fraud**

4      Plaintiff fails to state a claim for relief because:  (i) the claim is preempted by HOLA; (ii)

5  fraud has not been pled with the required specificity; (iii) the claim is barred by the statute of

6  limitations;  and (iv) plaintiff has failed to allege the elements of the claim.

7      9.      **Ninth Claim for Relief:  Fraud**

8      Plaintiff fails  to state a claim for relief because:  (i) the claim is preempted by HOLA;

9  (ii) fraud has not been pled with the required specificity; (iii) the claim is barred by the statute

10  limitations;  and (iv) plaintiff has failed to allege the elements of the claim.

11      10.      **Tenth Claim for Relief:  Fraud – Negligent Misrepresentation**

12      Plaintiff fails  to state a claim for relief because:  (i) the claim is preempted by HOLA;

13  (ii) fraud has not been pled with the required specificity; (iii) the claim is barred by the statute of

14  limitations;  and (iv) plaintiff has failed to allege the elements of the claim.

15      11.      **Eleventh Claim for Relief:  Promissory Estoppel**

16      Plaintiff fails to state a claim for relief because:  (i) the claim is preempted by HOLA;

17  and (ii) plaintiff has failed to allege the elements of promissory estoppel.

18      12.      **Twelfth Claim for Relief:  Negligence**

19      Plaintiff fails to state a claim for relief because:  (i) Wells Fargo owed no duty to

20  plaintiff; (ii) the claim is preempted by HOLA; and (iii) plaintiff has failed to allege the elements

21  of negligence.

22      13.      **Thirteenth Claim for Relief:  Elder Abuse**

23      Plaintiff fails to state a claim for relief because:  (i) the claim is barred by the statute of

24  limitations; (ii) the claim is preempted by HOLA; (iii) the claim is barred by the statute of

25  limitations; and (iv) plaintiff has failed to allege the elements of the claim.

26      14.      **Fourteenth Claim for Relief:  Wrongful Foreclosure**

27      Plaintiff fails to state a claim for relief because:  (i) plaintiff has failed to allege the

28  elements of the claim.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    15.    **Fifteenth Claim for Relief:  Violation of Bus. & Prof. Code § 17200**

2        Plaintiff fails to state a claim for violation of Bus. & Prof. Code § 17200 ("UCL")

3    because:  (i) the claim is derivative of plaintiff's other, insufficient, claims; (ii) plaintiff has

4    failed to plead the elements of an UCL claim; and (iii) the claim is preempted by HOLA.

5    16.    **Sixteenth Claim:  Cancellation of Instrument**

6        Plaintiff fails to state a claim for relief because:  (i) plaintiff has not pled the elements of

7    the claim.

8                                    Respectfully submitted,

9    Dated:  March 28, 2013          ANGLIN, FLEWELLING, RASMUSSEN,
                                      CAMPBELL & TRYTTEN LLP
10

11                                   By:    /s/ Kenneth A. Franklin
                                          Kenneth A. Franklin
12                                        kfranklin@afrct.com
                                      Attorneys for
13                                    WELLS FARGO BANK, N.A., successor by
                                      merger with Wells Fargo Bank Southwest, N.A.,
14                                    f/k/a Wachovia Mortgage, FSB, f/k/a World
                                      Savings Bank, FSB ("Wells Fargo")
15

16

17

18

19

20

21

22

23

24

25

26

27

28

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

# **TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

1.   INTRODUCTION ......................................................................................................... 1

2.   SUMMARY OF PLAINTIFFS' COMPLAINT AND  JUDICIALLY NOTICEABLE FACTS ................................................................................................ 1

3.   THE COMPLAINT FAILS TO MEET THE RULE 8 PLEADING REQUIREMENTS ....................................................................................................... 2

4.   THE MAJORITY OF PLAINTIFF'S CLAIMS ARE PREEMPTED BY THE HOME OWNERS LOAN ACT (HOLA) ...................................................................... 2

    A.   Note Ownership Claims (First and Fifth Claims) ............................................. 4

    B.   Origination Claims (Eighth, Tenth, Thirteenth, and Fifteenth Claims) ................ 5

    C.   Wrongful Foreclosure Claims (Fifteenth Claim) .............................................. 6

    D.   Loan Modification Claims (Third, Fourth, Sixth, Seventh, Eighth, Ninth, Eleventh, Twelfth, and Fifteenth Claims) ......................................................... 8

5.   PLAINTIFF'S DECLARATORY RELIEF CLAIM FAILS (FIRST CLAIM) ................ 8

    A.   Declaratory Relief Is Not Necessary Or Appropriate ........................................ 8

    B.   Plaintiff's Note Ownership Claim Fails ........................................................... 9

        i.   The Judicially Noticeable Documents Establish That Wells Fargo Has Standing to Foreclose On The Deed of Trust .................................. 9

        ii.   Wells Fargo Need Not Establish Its Ownership Of The Note ................ 10

6.   THE INJUNCTIVE RELIEF CLAIM FAILS (SECOND CLAIM) ............................. 10

7.   PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS FAILS (THIRD CLAIM) ......................................................................... 11

8.   THE NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM FAILS (FOURTH CLAIM) ..................................................................................................... 11

9.   PLAINTIFF FAILS TO STATE A CLAIM FOR QUIET TITLE  (FIFTH CLAIM) ....................................................................................................................... 12

10.  THE COVENANT OF GOOD FAITH CLAIM FAILS (SIXTH CLAIM) ...................... 13

11.  PLAINTIFF'S CLAIMS FOR FRAUD FAIL (SEVENTH, EIGHT, NINTH AND TENTH CLAIMS) ...................................................................................................... 14

    A.   Fraud Claims ............................................................................................... 14

    B.   The Negligent Misrepresentation Claim Fails ................................................ 16

12.  PLAINTIFF'S ELEVENTH CLAIM FOR PROMISSORY ESTOPPEL FAILS ............ 17

13.  PLAINTIFF'S TWELFTH CLAIM FOR NEGLIGENCE FAILS ............................... 19

14.  PLAINTIFF'S ELDER ABUSE CLAIM FAILS ......................................................... 22

    A.   The Elder Abuse Claim Is Barred By The Statute Of Limitations ...................... 22

    B.   Extending Credit Does Not Constitute Elder Abuse .......................................... 22

15.  PLAINTIFF'S FOURTEENTH CLAIM FOR WRONGFUL FORECLOSURE FAILS ......................................................................................................................... 23

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

i

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

16. PLAINTIFF'S UNFAIR BUSINESS PRACTICES CLAIM IS PLAGUED WITH INCURABLE DEFECTS (FIFTEENTH CLAIM) ..................................................24

17. PLAINTIFF'S SIXTEENTH CLAIM FOR CANCELLATION OF INSTRUMENT FAILS..........................................................................................25

18. CONCLUSION............................................................................................................25

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3    **FEDERAL CASES**

4    Ortiz v. America's Servicing Co.,
        2012 U.S. Dist. LEXIS 82092, at *15 (C.D. Cal. Jun. 11, 2012) ..............................21

5

6    Aguilar v. Int'l Longshoremen's Union Local # 10,
        966 F.2d 443 (9th Cir. 1992) .................................................................................17

7    Ahmed v. Wells Fargo Bank,

8        2011 U.S. Dist. LEXIS 49526 (N.D. Cal. May 9, 2011) ..........................................4

9    Alford v. Wachovia Bank/World Savings Bank,
        2010 U.S. Dist. LEXIS 14060, ** 36-37 (E.D. Cal. Jan. 26, 2010) .........................10

10

11   Amaral v. Wachovia Mortgage,
        692 F. Supp. 2d 1226 (E.D. Cal. 2010).....................................................................5

12   American States Ins. Co. v. Kearns,

13       15 F.3d 142 (9th Cir. 1993) ......................................................................................8

14   Andrade v. Wachovia Mortgage, FSB,
        2009 U.S. Dist. LEXIS 34872 (S.D. Cal. April 21, 2009).........................................5

15

16   Argueta v. J.P. Morgan Chase,
        2011 U.S. Dist. LEXIS 70756, at **14-16 (E.D. Cal. June 30, 2011) .....................21

17   Ashcroft v. Iqbal,

18       129 U.S. 1937 (2009)...............................................................................................15

19   Bassett v. Ruggles,
        2009 U.S. Dist. LEXIS 83349 (E.D. Cal. Sept. 14, 2009)..........................................5

20

21   Becker v. Wells Fargo Bank, N.A.,
        2011 U.S. Dist. LEXIS 29687 (E.D. Cal. March 11, 2011) ........................................4

22   Biggins v. Wells Fargo & Co.,

23       266 F.R.D. 399 (N.D. Cal. 2009)................................................................................8

24   Cabanillas v. Wachovia Mortg.,
        2012 U.S. Dist. LEXIS 39270 (C.D. Cal. March 20, 2012) .....................................18

25

26   Collins v. Power Default Services, Inc.,
        2010 U.S. Dist. LEXIS 3361, at **4-6 (N.D. Cal. Jan 24, 2010)..............................13

27   Coppes v. Wachovia Mortg. Corp.,
        2011 U.S. Dist. LEXIS 42061, at **17-18 (E.D. Cal. Apr. 13, 2011) .....................21

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*De Ferguson v. Wachovia Mortgage, FSB*,
    2012 U.S. Dist. LEXIS 79501 (C.D. Cal. Jun. 4, 2012) ............................................7

*DeLeon v. Wells Fargo Bank, N.A.*,
    2010 U.S. Dist. LEXIS 112941 (N.D. Cal. Oct. 22, 2010)....................................21

*DeLeon v. Wells Fargo Bank, N.A.*,
    729 F. Supp. 2d 1119 (N.D. Cal. 2010) ............................................................2, 8

*Ditto v. McCurdy*,
    510 F. 3d 1070 (9th Cir. 2007) ....................................................................12, 16

*Dooms v. Fed. Home Loan Mortg. Corp.*,
    2011 U.S. Dist. LEXIS 38550, at **24-25 (E.D. Cal. Mar. 30, 2011) ...................20

*Garcia v. Wachovia Mortg. Corp.*,
    676 F. Supp. 2d 895 (C.D. Cal. October 14, 2009) ..........................................6

*Giordano v. Wachovia Mortg., FSB*,
    2010 WL 5148428 (N.D. Cal. Dec. 14, 2010) ....................................................7

*Glen Holly Entertainment, Inc. v. Tektronix, Inc.*,
    100 F. Supp. 2d 1086 (C.D. Cal. 1999) (reciting California elements) ...................14

*Guerrero v. Wells Fargo Bank, N.A.*,
    2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sep. 14, 2010)....................................17, 18

*Hafiz v. Greenpoint Mortg. Funding, Inc.*,
    652 F. Supp. 2d 1039 (N.D. Cal. 2009) ............................................................10

*Hague v. Wells Fargo Bank, N.A.*,
    No. 2011 U.S. Dist. LEXIS 84695 (N.D. Cal. Aug. 2, 2011).............................9, 10

*Hunt v. Wells Fargo Bank, N.A.*,
    2011 U.S. Dist. LEXIS 29110 (E.D. Cal. March 21, 2011) ....................................4

*In re GlenFed Securities Litig.*,
    42 F.3d 1541 (9th Cir. 1994) ............................................................................14

*Javaheri v JP Morgan Chase Bank, N.A.*,
    2012 U.S. Dist. LEXIS 114510 (C.D. Aug. 13, 2012) ..........................................7

*Johannson v. Wachovia Mortg. FSB*,
    2011 U.S. Dist. LEXIS 86692 (N.D. Cal. Aug. 5, 2011)........................................16

*Johnston v. Ally Fin., Inc.*,
    2011 U.S. Dist. LEXIS 83298, at **10-11 (S.D. Cal. July 29, 2011) .....................21

*Kozhayev v. America's Wholesale Lender*,
    2010 U.S. Dist. LEXIS 77553 (E.D. Cal. Aug. 2, 2010) ........................................13

*Lau v. Pylman,*
    2011 U.S. Dist. LEXIS 35786 (E.D. Cal. Mar. 18, 2011) ...................................................11

*Marty v. Wells Fargo Bank,*
    2011 U.S. Dist. LEXIS 29686, at **13-14 (E.D. Cal. Mar. 21, 2011) .....................................25

*McGill v. Wachovia Mortg., FSB Loan,*
    2010 U.S. Dist. LEXIS 43393 (E.D. Cal. March 3, 2010) .......................................................22

*McNeeley v. Wells Fargo Bank N.A.,*
    2011 U.S. Dist. LEXIS 145322 (C.D. Dec. 15, 2011) .............................................................7

*Moore v. Kayport Package Express, Inc.,*
    885 F.2d 531 (9th Cir. 1989) ...............................................................................................15

*Murillo v. Aurora Loan Servs., LLC,*
    2009 U.S. Dist. LEXIS 61791 (N.D. Cal. July 17, 2009)......................................................6, 7

*Nava v. Virtual Bank, et al.,*
    2008 U.S. Dist. LEXIS 72819 (E.D. Cal July 16, 2008) .......................................................5, 6

*Neubronner v. Milken,*
    6 F.3d 666 (9th Cir. 1993) ...................................................................................................14

*Nevis v. Wells Fargo Bank,*
    2007 U.S. Dist. LEXIS 65932 (N.D. Cal. Sept. 6, 2007) ......................................................22

*Nong v. Wells Fargo Bank, N.A., et al.,*
    2010 U.S. Dist. LEXIS 136464 (C.D. Cal. Dec. 6, 2011) ................................................18, 19

*Odinma v. Aurora Loan Servs.,*
    2010 U.S. Dist. LEXIS 28347 (N.D. Cal. Mar. 23, 2010)........................................................7

*Omega v. Wells Fargo & Co.,*
    2011 U.S. Dist. LEXIS 103928 (N.D. Cal. Sept. 14, 2011) .....................................................3

*Ortiz v. America's Servicing Co.,*
    2012 U.S. Dist. LEXIS 82092, at *15 (C.D. Cal. Jun. 11, 2012) ...........................................21

*Pazargad v. Wells Fargo Bank, N.A.*
    2011 U.S. Dist. LEXIS 94850 (C.D. Cal. Aug. 23, 2011).......................................................10

*Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.,*
    749 F. Supp. 2d 1022 (N.D. Cal. 2010) ..................................................................................7

*Principal Life Insurance Co. v. Robinson,*
    394 F. 3d 665 (9th Cir. 2005) .................................................................................................8

*Quintos v. Decision One Mortgage Co., LLC,*
    2008 U.S. Dist. LEXIS 104503 (S.D. Cal. Dec. 29, 2008)......................................................10

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Resolution Trust Corp. v. BVS Dev.,*
     42 F.3d 1206 (9th Cir. 1994) ...................................................................................20

*Reyes v. Wells Fargo Bank, N.A.,*
     2011 U.S. Dist. LEXIS 2235 (N.D. Cal. Jan. 3, 2011) ............................................13

*Saldate v. Wilshire Credit Corp.,*
     711 F. Supp. 2d 1126 (E.D. Cal. 2010).....................................................................25

*Santos v. Countrywide Home Loans,*
     2009 U.S. Dist. LEXIS 103453 (E.D. Cal. Nov. 6, 2009) ........................................10

*Sato v. Wachovia Mortg., FSB,*
     2011 U.S. Dist. LEXIS 75418 (N.D. Cal. Jul 13, 2011)...........................................8

*Silvas v. E*Trade Mortg. Corp.,*
     514 F.3d 1001 (9th Cir. 2008) .................................................................................3

*Taguinod v. World Sav. Bank, FSB,*
     755 F. Supp. 2d 1064 (C.D. Cal. 2010) ..................................................................12

*Taguinod v. World Savings Bank,*
     2010 U.S. Dist. LEXIS 127677, at **19-20 (C.D. Cal. Dec. 2, 2010) ......................7

*Trinity Hotel Inv., LLC v. Sunstone OP Props., LLC,*
     2009 U.S. Dist. LEXIS 13692 (C.D. Cal. Feb. 5, 2009).........................................13

*Wickland Oil Terminals v. Asarco, Inc.,*
     792 F.2d 887 (9th Cir. 1986) ..................................................................................8

*Winding v. Cal-Western Reconveyance Corp.,*
     2011 U.S. Dist. LEXIS 8962 (E.D. Cal. Jan. 21, 2011)..........................................4

*Wool v. Tandem Computers, Inc.,*
     818 F.2d 1433 (9th Cir. 1987) ...............................................................................15

*Zarif v. Wells Fargo Bank, N.A.*
     2011 U.S. Dist. LEXIS 29867, at **8-9 (S.D. Cal. March 23, 2011) ......................8

**STATE CASES**

*Aguilar v. Bocci,*
     39 Cal. App. 3d 475 (1974) ....................................................................................13

*Benun v. Superior Court,*
     123 Cal. App. 4th 113 (2003) .................................................................................22

*Bily v. Arthur Young & Co.,*
     3 Cal. 4th 370 (1992) ..............................................................................................16

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Bogard v. Employers Casualty Co.*,
   164 Cal. App. 3d 602 (1985) .................................................................................11

*Butler-Rupp v. Lourdeaux*,
   134 Cal. App. 4th 1220, 36 Cal. Rptr. 3d 685 (2005)...............................................12

*Cadlo v. Owens-Illinois, Inc.*,
   125 Cal. App. 4th 513 (2004) ................................................................................16

*Carma Developers, Inc. v. Marathon Development Calif., Inc.*,
   2 Cal. 4th 342 (Cal. 1992)....................................................................................13

*Cell-Tech Comic's, Inc., v. L.A. Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999) .........................................................................................24

*Cicone v. URS Corp.*,
   183 Cal. App. 3d 194 (1986) ................................................................................17

*Cochran v. Cochran*,
   65 Cal. App. 4th 488 (1998) .................................................................................11

*County of Del Norte v. City of Crescent City*,
   71 Cal. App. 4th 965 (1999) .................................................................................10

*Das v. Bank of Am., N.A.*,
   186 Cal. App. 4th 727, 112 Cal. Rptr. 3d 439 (2010)........................................16, 22

*Eddy v. Sharp*,
   199 Cal. App. 3d 858 (1988) ............................................................................17, 20

*Farmers Ins. Exch. v. Super. Ct.*,
   2 Cal. 4th 377 (1992) ..........................................................................................24

*Gomes v. Countrywide*,
   192 Cal. App. 4th 1149 (2011) .............................................................................10

*Guz v. Bechtel National, Inc.*,
   24 Cal. 4th 317 (2000) .........................................................................................14

*Hall v. Time, Inc.*,
   158 Cal. App. 4th 847 (2008) ...............................................................................24

*Hour v. Mali's of Cal., Inc.*,
   14 Cal. App. 4th 612 (1993) .................................................................................24

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (2003) .......................................................................................24

*Laks v. Coast Fed. Sav. & Loan Ass'n*,
   60 Cal. App. 3d 885 (1976) ..................................................................................17

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*LiMandri v. Judkins,*
   52 Cal. App. 4th 326 (1997) .......................................................................17, 20

*Mabry v. Superior Court,*
   185 Cal. App. 4th 208 (2010) .............................................................................6, 7

*McElroy v. Chase Manhattan Mortg. Corp.,*
   134 Cal. App. 4th 388 (2005) .................................................................................13

*Nymark v. Heart Fed. Savs. & Loan Ass'n,*
   231 Cal. App. 3d 1089 (1991) .........................................................................20, 21

*Price v. Wells Fargo Bank,*
   213 Cal. App. 3d 465 (1989) ..................................................................................16

*Racine & Laramie, Ltd. v. Dept. of Parks & Rec.,*
   11 Cal. App. 4th 1026 (1992) .................................................................................13

*Raedeke v. Gilbraltar Sav. & Loan Ass'n,*
   10 Cal. 3d 665 (1974) ............................................................................................17

*Saunders v. Super. Ct.,*
   27 Cal. App. 4th 832 (1994) ...................................................................................24

*Shamsian v. Atlantic Richfield Co.,*
   107 Cal. App. 4th 967 (2003) .................................................................................16

*Small v. Fritz Companies, Inc.,*
   30 Cal. 4th 167 (2003) ...........................................................................................16

*Smith v. City & County of San Francisco,*
   225 Cal. App. 3d 38 (1990) ....................................................................................19

*Software Design and Application Ltd. v. Hoeffer & Arnolt, Inc.,*
   49 Cal. App. 4th 472 (1996) ............................................................................17, 20

*Spinks v. Equity Residential Briarwood Apartments,*
   171 Cal. App. 4th 1004 (2009) ...............................................................................14

*Tollefson v. Roman Catholic Bishop,*
   219 Cal. App. 3d 843 (1990) ..................................................................................11

*Vikco Ins. Services, Inc. v. Ohio Indemnity Co.,*
   70 Cal. App. 4th 55 (1999) .....................................................................................14

*Vlat v. University of So. California,*
   5 Cal. App. 3d 935 (1970) ......................................................................................19

*White v. Ultramar,*
   21 Cal. 4th 563 (1999) ...........................................................................................23

*Wilhelm v. Pray, Price, Williams & Russell,*
  186 Cal. App. 3d 1324 (1986) ..................................................14

*Younan v. Equifax Inc.,*
  111 Cal. App. 3d 498, 169 Cal. Rptr. 478 (1980)........................16

*Yu v. Signet Bank,*
  69 Cal. App. 4th 1377 (1999) ...................................................11

**FEDERAL STATUTES**

12 U.S.C. § 1461 *et seq.*..........................................................2

28 U.S.C. § 2201 .....................................................................8

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200, *et seq.* ..............................5, 6, 24

Cal. Civ. Code § 1573 .............................................................16

Cal. Civ. Code § 1916.7...........................................................6

Cal. Civ. Code § 1916.10.........................................................6

Cal. Civ. Code § 2920.5..........................................................23

Cal. Civ. Code § 2920.5(c) ......................................................23

Cal. Civ. Code § 2923.5..................................................6, 7, 24

Cal. Civ. Code § 2924(a)(1).....................................................25

Cal. Civ. Code § 2924.11.........................................................23

Cal. Civ. Code § 2924.11(a) .....................................................23

Cal. Civ. Code § 3294.............................................................23

Cal. Civ. Proc. Code § 335.1 ....................................................22

Cal. Civ. Proc. Code § 338 .......................................................16

Cal. Civ. Proc. Code § 339 .......................................................16

Cal. Civ. Proc. Code § 761.020 ..................................................13

Cal. Fin. Code § 22302 ............................................................5

Cal. Welf. & Inst. Code § 15610.30(a) ..........................................22

Cal. Welf. & Inst. Code § 15657.5 ...............................................22

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Cal. Welf. & Inst. Code § 15657.7 .................................................................22

Cal. Welf. & Inst. Code § 15657(c) ...............................................................23

**RULES**

Fed. R. Civ. P. 8 ............................................................................... passim

Fed. R. Civ. P. 9(b) ..............................................................14, 15, 16

**REGULATIONS**

12 C.F.R. § 541.11 ....................................................................................2

12 C.F.R. § 560.2 ..................................................................................3, 4

12 C.F.R. § 560.2(a) ...........................................................................3, 5, 6

12 C.F.R. § 560.2(b) ...........................................................................3, 5, 6

12 C.F.R. § 560.2(b)(1) ............................................................................4

12 C.F.R. § 560.2(b)(4) ....................................................................4, 5, 6, 8

12 C.F.R. § 560.2(b)(5) ............................................................................4

12 C.F.R. § 560.2(b)(9) ......................................................................4, 5, 6

12 C.F.R. §§ 560.2(b)(10) .................................................................5, 6, 7, 8

**CONSTITUTIONAL PROVISIONS**

U.S. Const. art. III ...................................................................................8

**OTHER AUTHORITIES**

Cal. Civ. Code §§1918.5-1921.1920 ...............................................................6

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1.   INTRODUCTION

This action arises from a secured loan made by Wells Fargo Bank, N.A.'s predecessor, World Savings Bank, FSB ("World Savings") to plaintiff in 2007. **Plaintiff has not made a payment on her loan for over a year.**[1]   Plaintiff alleges that Wells Fargo does not own the note and that it failed to modify her loan. As set forth below, plaintiff's note ownership claims are meritless and Wells Fargo had no duty to modify her loan.

### 2.   SUMMARY OF PLAINTIFFS' COMPLAINT AND JUDICIALLY NOTICEABLE FACTS

On or about March 15, 2007, plaintiff borrowed $475,000 (the "Loan") from World Savings. (A copy of the deed of trust is attached to the Request for Judicial Notice ("RJN") as Exh. A; FAC, Exh. A.)[2] The Loan was memorialized by a promissory note and secured by a deed of trust recorded against located at 3 Summit Street, San Francisco, California. (the "Property").

On December 31, 2007, World Savings changed its name to Wachovia Mortgage, FSB. It underwent a second name change to Wells Fargo Bank Southwest, N.A. before merging with Wells Fargo Bank, N.A. ("Wells Fargo") in November, 2009. (RJN, Exhs. B, C, D and E are certificates issued by the Office of Thrift Supervision and Office of the Comptroller of the Currency that acknowledge the federal savings bank charter, authorize the name changes, and approve the merger; RJN, Exh. F is a printout from the FDIC website showing the history of World Savings.)

There is no dispute that plaintiff defaulted on the Loan by failing to make the April 2012 payment and all subsequent payments. (Motion, 12:4; RJN, Exh. G.) The default resulted in the following notices being recorded with the San Francisco County Recorder:

---

[1]  Plaintiff admits that she stopped making payments in April 2012. (Plaintiff's motion for a preliminary injunction (the "Motion"), Document no. 13, 12:4.)

[2] Plaintiff is confused about the date of her loan from World Savings. In the FAC, plaintiff references a 2003 deed of trust, however the deed of trust attached to the FAC is dated 2007. (FAC ¶ 8 and Exh. A.)

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    • A notice of default recorded on October 22, 2012. (RJN, Exh. G);

2    • A substitution of trustee recorded on December 14, 2012. (RJN, Exh. H); and

3    • A notice of trustee's sale was recorded on January 23, 2013 setting the trustee's

4       sale for February 13, 2013. (RJN Exh. I).

5    Plaintiff's claims are as follows:

6    • Plaintiff alleges that the Loan was loan was predatory. ( FAC ¶¶ 9-11 and 26);

7    • Plaintiff alleges that the Loan was improperly securitized. (FAC ¶¶ 35-36); and

8    • Plaintiff alleges that Wells Fargo did not properly handle her loan modification

9       request. (FAC ¶¶ 107-108.)

10   **3.    THE COMPLAINT FAILS TO MEET THE RULE 8 PLEADING REQUIREMENTS**

11   Plaintiff's claims allegedly relate to a 2003 loan in the amount of $405,000. (FAC ¶¶

12   8,11 and 150.) Nevertheless, plaintiff attaches to the FAC a deed of trust for a 2007 loan in the

13   amount of $475,000. (FAC Exh. A.) In the Motion, plaintiff references a 2004 loan. (Motion

14   2:2-6.) Since the entire FAC relates to a mortgage loan and it is not clear what loan is at issue in

15   the FAC, the FAC must be dismissed. (F.R.C.P. Rule 8.) The FAC lacks the certainty necessary

16   for a meaningful response.

17   **4.    THE MAJORITY OF PLAINTIFF'S CLAIMS ARE PREEMPTED BY THE HOME**

18        **OWNERS LOAN ACT (HOLA)**

19   At loan origination, World Savings was a federal savings bank regulated by the Office of

20   Thrift Supervision ("OTS"). (RJN, Exs. B-F.) On December 31, 2007, World Savings changed

21   its name to Wachovia Mortgage, FSB, but remained chartered under HOLA and overseen by the

22   OTS. *Id.* Wachovia Mortgage, FSB merged with Wells Fargo Bank, N.A. effective November

23   1, 2009. *Id.*[3]

24

25   [3] HOLA applies even though World Savings is no longer chartered as a federal savings bank.
     *See*, *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010) ("Wells

26   Fargo notes that at the time the loan was made to the DeLeons [plaintiff], 'World Savings Bank,
     FSB was a federally chartered savings bank organized and operating under HOLA' and observes

27   correctly that the same preemption analysis would apply to any alleged misconduct after
     November 1, 2009, when the lender merged into a national savings banking association.)

28   HOLA, 12 U.S.C. § 1461 *et seq.*, governs the operations of a "federal savings association,"
     which by definition include federally chartered savings banks. 12 C.F.R. § 541.11. World

1    "Through HOLA, Congress gave the Office of Thrift Supervision ('OTS') broad

2    authority to issue regulations governing thrifts. . . . As the principal regulator for federal savings

3    associations, OTS promulgated a preemption regulation in 12 C.F.R. § 560.2." *Silvas v. E\*Trade*

4    *Mortg. Corp.*, 514 F.3d 1001, 1005 (9th Cir. 2008). Section 560.2 reads, inter alia:

5         OTS hereby occupies the entire field of lending regulation for federal
         savings associations. OTS intends to give federal savings associations
6         maximum flexibility to exercise their lending powers in accordance with a
         uniform federal scheme of regulation.

7    12 C.F.R. § 560.2(a). Section 560.2(b) lists specific types of state laws
     that are preempted. The list includes state laws that purport to impose
8    requirements regarding:

9         (4)    The terms of credit, including amortization of loans and the
         deferral and capitalization of interest and adjustments to the interest rate,
10        balance, payments due, or term to maturity of the loan, including the
         circumstances under which a loan may be called due and payable upon the
11        passage of time or a specified event external to the loan…

12        (5)    Loan-related fees, including without limitation, initial charges, late
         charges, prepayment penalties, servicing fees…

13
         (9)    Disclosure and advertising, including laws requiring specific
14        statements, information, or other content to be included in credit
         application forms, credit solicitations, billing statements, credit contracts,
15        or other credit-related documents…

16        (10)   Processing, origination, servicing, sale or purchase of, or
         investment or participation in, mortgages…

17

18    12 C.F.R. § 560.2(b).

19        In *Silvas*, the Ninth Circuit set forth the analysis to follow to determine whether a state

20   law is preempted. First, a court should determine whether, as applied, the law is the type of law

21   listed in Section 560.2(b). If it is, the analysis ends, and the law is preempted. *See, Silvas*, 514

22   F. 3d at 1005 (quoting OTS Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)). If the

23   law in question, as applied, is not listed in Section 560.2(b), a court should determine whether

24   the law affects lending. If the answer is yes, then, pursuant to Section 560.2(a), a presumption

25   arises that the law is preempted. *Id.*; *see, Omega v. Wells Fargo & Co.*, 2011 U.S. Dist. LEXIS

26   103928, at \*13 (N.D. Cal. Sept. 14, 2011).

27

28   Savings' lending operations were therefore governed by HOLA in 2007, when it made the loan
     to plaintiffs.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Here, plaintiff's state law claims are preempted by HOLA. Although variously labeled,

2    all of plaintiff's claims are based on the terms of credit, the disclosures made to plaintiff, and the

3    processing, origination sale or servicing of plaintiff's loan. Any such claims, no matter what

4    they are called, attempt to use state law to impose requirements on the lending activities of a

5    federal savings association. Such claims fall within 12 C.F.R. § 560.2(b)(4), (5), (9) or (10) and

6    are, therefore, preempted. What follows is a list of the type of allegations in the FAC that are

7    preempted by HOLA:

8    **A.    Note Ownership Claims (First and Fifth Claims)**

9    Throughout the FAC plaintiff makes "note ownership" claims that are preempted by

10   HOLA. *Winding v. Cal-Western Reconveyance Corp.*, 2011 U.S. Dist. LEXIS 8962, *33-34

11   (E.D. Cal. Jan. 21, 2011) the Court confirmed that claims relating to ownership of the note are

12   preempted by HOLA. ("Wells Fargo characterizes the "heart" of the complaint's claims as

13   "negotiable instrument" transfer and ownership and that allegations to such effect fall within

14   section 560.2(b)(1) as challenge to a "sale or purchase of" a "mortgage" originated by a savings

15   bank. Wells Fargo is correct that section 560.2 preempts the complaint's allegations as to

16   misconduct surrounding foreclosure originating from negotiable instrument issues. HOLA

17   preemption further warrants dismissal of the complaint's claims given that they address "sale or

18   purchase of . . . or participation in, mortgages.") in *Ahmed v. Wells Fargo Bank*, 2011 U.S. Dist.

19   LEXIS 49526 (N.D. Cal. May 9, 2011) the Court dismissed *with prejudice* claims based on

20   allegations that Wells Fargo "did not possess the promissory note" or "are not the legal owners

21   of the note and Trust Deed" because such claims are preempted by HOLA. *Id.* at *8-*9; *Becker*

22   *v. Wells Fargo Bank, N.A.*, (E.D. Cal. March 11, 2011) U.S. Dist. LEXIS 29687 at *56-58

23   (HOLA preempted claims based on allegations that defendants were not the "true holder" of the

24   note); *Hunt v. Wells Fargo Bank, N.A.*, (E.D. Cal. March 21, 2011) U.S. Dist. LEXIS 29110 at

25   *2-3;[4] (HOLA preempted quiet title and slander claims rooted in allegations that Wells Fargo

26   was "not entitled to ownership of the loan").

27

28   [4] After the District Court granted Wells Fargo's motion to dismiss and dismissed the case with
     prejudice, plaintiffs filed a notice of appeal.

**B.**   <u>**Origination Claims (Eighth, Tenth, Thirteenth, and Fifteenth Claims)**</u>

Plaintiff's claims regarding the Loan origination and the terms of the Loan fail.  Recent federal case law has concluded that loan origination claims are "universally" preempted.  In *Bassett v. Ruggles*, 2009 U.S. Dist. LEXIS 83349 (E.D. Cal. September 14, 2009), the District Court, after surveying the landscape of HOLA preemption case law, concluded that the cases "universally indicate Plaintiffs' claims based on fraud or conspiracy to breach fiduciary duties against Flagstar based on the allegation that Ruggles/IGS induced Plaintiffs to enter into a loan with an interest rate higher than Plaintiffs were qualified for will be preempted by HOLA." *Id.* at *60.  The *Bassett* court also dismissed, without leave to amend, plaintiff's claim "based on the alleged nondisclosure of the yield spread premium or the payment of the yield spread premium." *Id.*

In *Andrade v. Wachovia Mortgage, FSB*, 2009 U.S. Dist. LEXIS 34872 *6-*9 (S.D. Cal. April 21, 2009)*, plaintiff asserted various state law claims including quiet title, fraud, and rescission.  The Court ruled that such claims were expressly preempted by 12 C.F.R. § 560.2(b), reasoning that:  "Plaintiff's allegations revolve entirely around the 'processing, origination, [and] servicing' of the Plaintiff's mortgage, including the 'terms of credit' offered, the 'loan-related fees' charged, and the adequacy of disclosures made by Defendants in soliciting and settling the loan. 12 C.F.R. §§ 560.2(b)(4), (9), (10).  Because the state laws on which Plaintiff relies, as applied, would regulate lending activities expressly contemplated by § 560.2(b), the claims are preempted." *Id.* at *9.  *See also*, *Amaral v. Wachovia Mortgage*, 692 F. Supp. 2d 1226, 1238 (E.D. Cal. 2010) ("Because Plaintiffs' fraud claim, as applied, bears on lending activities expressly contemplated by *§ 560.2(b)*, it is preempted.").

In *Nava v. Virtual Bank, et al.*, 2008 U.S. Dist. LEXIS 72819 *14-*23 (E.D. Cal 2008), the plaintiff sued for TILA violations, fraudulent omission, breach of contract, breach of implied covenant, and violation of the UCL predicated on unfair or fraudulent business practices, violations of TILA and violations of Financial Code §22302.  The court dismissed all three of the UCL claims finding that they were preempted by HOLA. *Id.* at *14-*23.  With respect to the *Nava* UCL claim based on TILA violations, plaintiff's claim was primarily based on "a failure to

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   properly disclose and represent the true interest rate of the loan and that negative amortization

2   was certain to occur, as required by TILA." *Id.* at \*19.  The court found that this claim

3   "implicates § 560.2(b)(9) since its application would purport to impose requirements on the types

4   of disclosures made by defendants", and was preempted by HOLA.  *Id.* at \*19-\*20.  The court

5   further held that "plaintiff's UCL claim based on violation of TILA is also preempted by federal

6   law since its application would supplement TILA by changing TILA's framework."  *Id.* at \*20.

7        In *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 913 (C.D. Cal. October 14,

8   2009), the plaintiff brought a state unfair competition claim, predicated *inter alia* on the loan's

9   negative amortization features and the lender's failure to provide an adjustable rate disclosure

10  notice.  The court held: "Here, as argued by Defendant, the claims relating to the loan's negative

11  amortization features and teaser rates, and failure to provide adjustable rate mortgage disclosure

12  notice, brought pursuant to California Civil Code §1916.7 and/or '1916.7 10 (c)' are preempted

13  by 12 C.F.R. §560.2(b)(4) and (b)(9).  The claim pursuant to California Civil Code §1916.10 for

14  improper failure to downwardly adjust a mortgage is rate is preempted by 12 C.F.R. §560.2(b)(4)

15  as well.  The claims relating to notification of changes in interest rate brought pursuant to

16  California Civil Code '§1918.5-1921.1920' are preempted by 12 C.F.R. §560.2(b)(4) as well.  To

17  the extent Plaintiff makes claims relating to inability to qualify for the loan she was given, these

18  are preempted by 12 C.F.R. §560.2(b)(10).  The court can identify no state law claims alleged

19  within the UCL claim that are not preempted by some portion of 12 C.F.R. §560.2(b)."  *Id.*

20  **C.    Wrongful Foreclosure Claims (Fifteenth Claim)**

21       In support of her fifteenth claim for relief, plaintiff alleges that Wells Fargo violated Civil

22  Code § 2923.5.  Any alleged violation of § 2923.5 is preempted under 12 C.F.R. § 560.2(b)(10)

23  [Processing... [and] servicing... of... mortgages].

24       District Courts have, with few exceptions, found Civil Code § 2923.5 to be preempted as

25  purporting to regulate a lender's processing or serving activities, both before and after *Mabry v.*

26  *Superior Court*, 185 Cal. App. 4th 208 (2010).  One of the numerous pre-Mabry decisions was

27  *Murillo v. Aurora Loan Servs., LLC*, 2009 U.S. Dist. LEXIS 61791 (N.D. Cal. July 17, 2009),

28  where the court dismissed a § 2923.5 claim, with prejudice, that alleged "Defendants failed to

1   properly file a declaration with their notice of default."  The district court held that "[a]s applied,

2   Plaintiffs' § 2923.5 claim concerns the processing and servicing of Plaintiffs' mortgage.  As

3   such, the Court finds that Plaintiffs' § 2923.5 claim is preempted under HOLA."  *Murillo*, 2009

4   U.S. Dist. LEXIS 61791, at *11.

5       Several District Courts have recently relied on *Murillo*.  In *Odinma v. Aurora Loan*

6   *Servs.*, 2010 U.S. Dist. LEXIS 28347 (N.D. Cal. Mar. 23, 2010), the plaintiffs alleged that their

7   lender violated Civil Code § 2923.5 by failing to provide proper notices before initiating the

8   foreclosure process.  The court held that a § 2923.5 claim "concerns the processing and servicing

9   of Plaintiff's mortgage and is therefore preempted by HOLA."  *Odinma*, 2010 U.S. Dist. LEXIS

10   28347, at *23.

11       In *Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022 (N.D. Cal. 2010),

12   the court relied in part on *Murillo* to find Section 2923.5 to be preempted even after *Mabry*.  *Id.*

13   at 1032-33 (listing the federal district court decisions concluding that Section 2923.5 is

14   preempted because the state law deals with contacting the borrower and requires a specific

15   declaration in the Notice of Default such that it falls squarely within the scope of HOLA's

16   Section 560.2(b)(10)).

17       The Court in *Giordano v. Wachovia Mortg., FSB*, 2010 WL 5148428, at *13 (N.D. Cal.

18   Dec. 14, 2010), held that claims based on, inter alia, Wachovia's alleged violation of Civil Code

19   § 2923.5 were preempted under HOLA, noting that "even assuming the limited construction of

20   § 2923.5 proffered by *Mabry*, a state statute that imposes additional disclosure and

21   communications obligations upon a lender prior to commencement of foreclosure proceedings is

22   not 'incidental' to lending...."  *See also, Taguinod v. World Savings Bank*, 2010 U.S. Dist.

23   LEXIS 127677, at **19-20 (C.D. Cal. 2010) (holding 2923.5 to be preempted by HOLA despite

24   *Mabry*).  More recent decisions in the Central District are to the same effect.  *See, Javaheri v JP*

25   *Morgan Chase Bank, N.A.*, 2012 U.S. Dist. LEXIS 114510 (C.D. July 2012); *McNeeley v. Wells*

26   *Fargo Bank N.A.*, 2011 U.S. Dist. LEXIS 145322 *8 (C.D. December 2011); *De Ferguson v.*

27   *Wachovia Mortgage, FSB*, 2012 U.S. Dist. LEXIS 79501 (C.D. Cal. Jun. 4, 2012)

28   (overwhelming weight of authority has held that a Section 2923.5 claim is preempted by HOLA).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

D. **Loan Modification Claims (Third, Fourth, Sixth, Seventh, Eighth, Ninth, Eleventh, Twelfth, and Fifteenth Claims)**

Finally, plaintiff's allegations regarding her loan modification application are likewise preempted by HOLA. (FAC ¶¶ 26-34 and 83-86.) These claims are preempted by 12 C.F.R. § 560.2(b) (4) terms of credit and (10) [ "Processing, origination [and] sale...of... mortgages"]. *Biggins v. Wells Fargo & Co.*, 266 F.R.D. 399, 417 (N.D. Cal. 2009) (finding (b)(10) preempts state claim promises directed toward a duty to make a loan modification); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126-1128 (N.D. Cal. 2010) (plaintiffs' claim that the lender proceeded to sale without concluding modification discussions were preempted relating to the "processing" and "servicing" of the subject mortgage); *Sato v. Wachovia Mortg., FSB*, 2011 U.S. Dist. LEXIS 75418, at *20 (N.D. Cal. Jul 13, 2011) (dismissing claim alleging that lender failed to modify her loan, as it "clearly falls under the preemption provisions for 'processing, origination, sale or purchase of ... mortgages' and 'terms of credit.'"); *Zarif v. Wells Fargo Bank, N.A.* 2011 U.S. Dist. Lexis 29867, at **8-9 (S.D. Cal 2011). ("each of Plaintiffs' claims specifically challenge the processing of Plaintiffs' loan modification application and servicing of Plaintiffs' mortgage, and fall within the specific types of preempted state laws listed in § 560.2(b)(4) & (10)... For this reason alone, the complaint is dismissed...").

5. **PLAINTIFF'S DECLARATORY RELIEF CLAIM FAILS (FIRST CLAIM)**

A. **Declaratory Relief Is Not Necessary Or Appropriate**

The Declaratory Judgment Act (DJA) permits a federal court to "declare the rights and other legal relations" of parties to a case of actual controversy. 28 U.S.C. § 2201; *Wickland Oil Terminals v. Asarco, Inc.*, 792 F.2d 887, 893 (9th Cir. 1986). The "actual controversy" requirement of the DJA is the same as the "case or controversy" requirement of Article III of the United States Constitution. *American States Ins. Co. v. Kearns*, 15 F.3d 142, 143 (9th Cir. 1993). Under the DJA, a two-part test is necessary to determine whether a declaratory judgment is appropriate. *Principal Life Insurance Co. v. Robinson*, 394 F. 3d 665, 669 (9th Cir. 2005). First, the court must determine if there exists an actual case or controversy within the court's jurisdiction. *Id.* Second, if so, the court must decide whether to exercise its jurisdiction. *Id.*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    There is no actual controversy involving the parties rights, since all of plaintiff's claims

2  are for accrued wrongs.  There are no allegation separate and apart for the other claims for relief

3  and therefore, there is no need for the Court to exercise jurisdiction.  Moreover, this claim fails

4  for the same reasons her other claims fails, as set forth below.

5  **B.    Plaintiff's Note Ownership Claim Fails**

6         **i.    The Judicially Noticeable Documents Establish That Wells Fargo Has**

7              **Standing to Foreclose On The Deed of Trust**

8    The original lender, World Savings, simply changed its name to Wachovia Mortgage,

9  FSB and later merged into Wells Fargo Bank, N.A.  (RJN, Exhs. B-F.)  As set forth below,

10  judicially noticeable documents conclusively establish that Wells Fargo has standing to

11  foreclose:

12    • Plaintiff borrowed $475,000.00 from World Savings, and executed a deed

13        of trust pledging the Property to World Savings as security for the loan.

14        The deed of trust identifies World Savings as the lender and beneficiary.

15        (Motion 2:2-6; FAC, Exh. A; RJN, Exh. A.)

16    • World Savings changed its name to Wachovia Mortgage, FSB, Wachovia

17        Mortgage, FSB was converted to Wells Fargo Bank Southwest, N.A. and

18        then was merged into Wells Fargo Bank, N.A.  (RJN, Exhs. B-F.)

19    The above referenced documents show that the lender simply changed its name and was

20  merged into Wells Fargo Bank, N.A.  There was no assignment.  As set forth above, Wells Fargo

21  is the successor to World Savings. (RJN, Exhs. B-F.)

22    In addressing a similar clam involving virtually identical documentation the Court in

23  *Hague v. Wells Fargo Bank, N.A.*, No. C11-02366, 2011 U.S. Dist. LEXIS 84695, at *8–11

24  (N.D. Cal. Aug. 2, 2011) ruled:

25        The *Hagues'* legal arguments are unpersuasive.  They contend that
         Wells   must establish that it is the "real party in interest" in order to
26        exercise the power of sale.  . . . .  The deed of trust at issue here lists
         World Savings as the lender.  Judicially noticeable documents show that
27        World Savings and Wells Fargo  are one and the same.  Thus Wells
         Fargo's  rights as lender under the deed of trust and under California's
28        nonjudicial foreclosure statutes are controlling.  The Court agrees with
         Wells Fargo  that the *Hagues'* allegations regarding Wells

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1         Fargo's ownership interest in the loan are insufficient to support a claim for declaratory relief. . . . . Wells Fargo's motion to dismiss this claim is GRANTED.

2

3

     As was the case in *Hague,* Wells Fargo is entitled to foreclose on a loan made by its predecessor World Savings.

### ii.    Wells Fargo Need Not Establish Its Ownership Of The Note

     Wells Fargo need not establish its ownership of the note: "Under California law, an 'allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid.'" *Quintos v. Decision One Mortgage Co., LLC,* 2008 U.S. Dist. LEXIS 104503, at *7 (S.D. Cal. 2008) (Court rejected a similar contention that defendants lacked standing to foreclose.); *Alford v. Wachovia Bank/World Savings Bank*, 2010 U.S. Dist. LEXIS 14060, at **36-37 (an "allegation that the trustee did not have the original note or had not received it is insufficient to render the foreclosure proceeding invalid.") (Citing *Neal v. Juarez,* 2007 U.S. Dist. LEXIS 98068, 2007 WL 2140640, at *8 (S.D. Cal. 2007)); *Gomes v. Countrywide,* 192 Cal. App. 4th 1149, 1154 (2011) (Court rejected claims similar to those made by plaintiff and held that a foreclosing lender was not required to prove ownership of the note); *Hafiz v. Greenpoint Mortg. Funding, Inc.,* 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009). ("[p]roduction of the original note is not required to proceed with a non-judicial foreclosure.")

### 6.    THE INJUNCTIVE RELIEF CLAIM FAILS (SECOND CLAIM)

     Injunctive relief is a remedy, not a cause of action. *County of Del Norte v. City of Crescent City*, 71 Cal. App. 4th 965, 973 (1999); *Pazargad v. Wells Fargo Bank, N.A.* 2011 U.S. Dist. LEXIS 94850, at *6-*7 (C.D. Cal. Aug. 23, 2011) ("[i]njunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted."); *Santos v. Countrywide Home Loans*, 2009 U.S. Dist. LEXIS 103453, at *13 (E.D. Cal. Nov. 6, 2009) ("Declaratory and injunctive relief are not independent claims, rather they are forms of relief.").

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  **7.   PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL**

2  **DISTRESS FAILS (THIRD CLAIM)**

3   The elements of intentional infliction of emotional distress are:  "(1) outrageous conduct

4  by defendant, (2) intention to cause or reckless disregard or the probability of causing emotional

5  distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional

6  distress."  *Bogard v. Employers Casualty Co.*, 164 Cal. App. 3d 602, 616 (1985).  Plaintiff must

7  allege conduct "so extreme as to exceed all bounds of that usually tolerated in a civil

8  community."  *Yu v. Signet Bank*, 69 Cal. App. 4th 1377, 1397 (1999).  Put another way, plaintiff

9  must allege conduct "that has been so outrageous in character, and so extreme in degree, as to go

10  beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in

11  a civilized community."  *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1998).  It is for the

12  Court in the first instance to determine whether the plaintiff has alleged conduct which the trier

13  of fact may find to be extreme and outrageous.  *Tollefson v. Roman Catholic Bishop*, 219 Cal.

14  App. 3d 843, 858 (1990).

15   The FAC falls far short of alleging "outrageous" conduct by Wells Fargo.  Plaintiff's

16  claim is essentially that Wells Fargo did not properly evaluate her for a loan modification and

17  required that she resubmit documents.  (FAC ¶ 48.)  This claim is not "outrageous" "atrocious"

18  and "utterly intolerable in a civilized community."  Instead, plaintiff was very unhappy with the

19  service she received from Wells Fargo.  Displeasure with the performance of a contracting party

20  does raise to the tort of intentional infliction of emotional distress.  Moreover, this claim is

21  nothing more than a claim relating to the serving of the loan and therefore preempted by HOLA.

22  (*See* Section, 4D above.)

23  **8.   THE NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM FAILS**

24  **(FOURTH CLAIM)**

25   As set forth by the Court in *Lau v. Pylman*, 2011 U.S. Dist. LEXIS 35786, 19-20 (E.D.

26  Cal. Mar. 18, 2011):

27   California does not recognize an independent cause of action for the
    negligent infliction of emotional distress.  The California Supreme Court

28   "[has] repeatedly recognized that the negligent causing of emotional
    distress is not an independent tort, but the tort of negligence."  *Burgess v.*

*Superior Court*, 2 Cal. 4th 1064, 1072, 9 Cal. Rptr. 2d 615, 831 P.2d 1197 (1992) (internal citations and quotations omitted) (emphasis [*20] in original).  *See also, Potter v. Firestone Tire & Rubber Co.*, 6 Cal. 4th 965, 25 Cal. Rptr. 2d 550, 863 P.2d 795, (1993) ("[T]here is no independent tort of negligent infliction of emotional distress."); *Cramer v. Consolidated Freightways, Inc.*, 209 F.3d 1122, 1133 (9th Cir. 2000) ("The tort of negligent infliction of emotional distress is simply a negligence claim alleging that the defendant breached a duty to protect the plaintiff's mental well-being.")  "The elements of a cause of action for negligence are well established.  They are (a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach is the proximate or legal cause of the resulting injury." *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917, 50 Cal. Rptr. 2d 309, 911 P.2d 496 (1996) (internal citations, quotations, and emphasis omitted).  *See also, Truong v. Nguyen*, 156 Cal. App. 4th 865, 875, 67 Cal. Rptr. 3d 675 (2007); *Corales*, 567 F.3d at 572.

As set forth by the Court in *Taguinod v. World Sav. Bank, FSB*, 755 F. Supp. 2d 1064, 1074 (C.D. Cal. 2010):  "California law does not generally recognize a cause of action for emotional distress stemming solely from a financial loss. *See, Butler-Rupp v. Lourdeaux*, 134 Cal. App. 4th 1220, 1228, 36 Cal. Rptr. 3d 685 (2005) ("[I]n the absence of physical injury, the courts have never allowed recovery of damages for emotional distress arising solely from property damage or economic injury to the plaintiff.").  The Motion is therefore GRANTED as to this claim."

Moreover, to assert a claim for negligence, a plaintiff must allege that the defendant owed a duty to the plaintiff that subsequently was breached, and such breach was the proximate cause of the plaintiff's injury. *See, Ditto v. McCurdy*, 510 F. 3d 1070, 1078 (9th Cir. 2007).  Wells Fargo did not owe plaintiff a duty of care. *See,* Section 13 below.  And, as set forth above, this claim is nothing more than a claim relating to the serving of the loan and therefore preempted by HOLA.  (*See* Section, 4D above.)

## 9.   PLAINTIFF FAILS TO STATE A CLAIM FOR QUIET TITLE

## (FIFTH CLAIM)

Plaintiff's quiet title claim is simply a note ownership claims.  Plaintiff's claim is based upon the misplaced assertion that "there must be a clear and unbroken chain of title for both the Deed of Trust and the Promissory Note" and that Wells Fargo needs to prove assignment of the promissory note.  (FAC ¶ 62.)   For the reasons set forth in Section 5B above, this claim fails.

Furthermore, plaintiff's failure to tender the loan proceeds is fatal to her claim for quiet

CASE NO.: 4:13-CV-0808-PJH
MEM OF POINTS AND AUTHORITIES

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   title.  The tender rule applies to a quiet title action because the claim is implicitly integrated to

2   the foreclosure sale.  Civ. Proc. Code § 761.020; *Kozhayev v. America's Wholesale Lender*, 2010

3   U.S. Dist. LEXIS 77553, 2010 WL 3036001, at *5 (E.D. Cal. Aug. 2, 2010).   Numerous

4   California courts have recognized that claims to prevent or undo a foreclosure "generally cannot

5   go forward unless the plaintiff has at least alleged a credible offer to tender the indebtedness."

6   *Collins v. Power Default Services, Inc.,* 2010 U.S. Dist. LEXIS 3361, at **4-6 (N.D. Cal. Jan 24,

7   2010); *Aguilar v. Bocci,* 39 Cal. App. 3d 475, 477-79 (1974) (The borrower "cannot quiet title

8   without discharging his debt.  The cloud upon his title persists until the debt is paid.")  Indeed, a

9   complaint that does not allege such a tender does not state a cause of action.  *McElroy v. Chase*

10   *Manhattan Mortg. Corp.*, 134 Cal. App. 4th 388 (2005).

11   ## 10.   THE COVENANT OF GOOD FAITH CLAIM FAILS (SIXTH CLAIM)

12   The elements of a claim for breach of the covenant of good faith and fair dealing are:

13   (1) the existence of a contract; (2) the plaintiff did all, or substantially all, of the significant

14   things the contract required; (3) the conditions required for the defendant's performance had

15   occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of

16   the contract; and (5) the plaintiff was harmed by the defendant's conduct.  *Trinity Hotel Inv.,*

17   *LLC v. Sunstone OP Props., LLC,* 2009 U.S. Dist. LEXIS 13692 (C.D. Cal. Feb. 5, 2009);

18   *Carma Developers, Inc. v. Marathon Development Calif., Inc.*, 2 Cal. 4th 342, 371-375 (Cal.

19   1992); *Racine & Laramie, Ltd. v. Dept. of Parks & Rec.*, 11 Cal. App. 4th 1026, 1031-32 (1992).

20   Plaintiff's claim is fatally flawed because she does not and cannot allege that she

21   complied with the terms of the contract, i.e. that she made the loan payments.  Even if plaintiff

22   had not defaulted on the contact, her claim is flawed.  Plaintiff alleges that Wells Fargo failed to

23   work with her to modify her loan and avoid foreclosure.  (FAC ¶ 68.)  This claim is inadequate.

24   Plaintiff had no right to a loan modification.  The expressed contract, the note and deed of trust,

25   required that plaintiff make her loan payment.  There are no provisions for a loan modification,

26   instead, there are provision that expressly allow foreclosure.  "An implied covenant of good faith

27   and fair dealing cannot contradict the express terms of a contract."  *Reyes v. Wells Fargo Bank,*

28   *N.A.*, 2011 U.S. Dist. LEXIS 2235 at * 34 (N.D. Cal. Jan. 3, 2011) (citing California cases).  *See*

1   *also*, *Spinks v. Equity Residential Briarwood Apartments*, 171 Cal. App. 4th 1004, 1033-1034

2   (2009) ("The implied covenant of good faith and fair dealing is limited to assuring compliance

3   with the express terms of the contract . . . .").

4          To the extent that plaintiff is asserting that Wells Fargo was not entitled to enforce the

5   expressed terms of the deed of trust, that claim fails. *Guz v. Bechtel National, Inc.*, 24 Cal. 4th

6   317 (2000) ("The covenant thus cannot be endowed with an existence independent of its

7   contractual underpinnings. . . . . It cannot impose substantive duties or limits on the contracting

8   parties beyond those incorporated in the specific terms of their agreement."); *Vikco Ins. Services,*

9   *Inc. v. Ohio Indemnity Co.*, 70 Cal. App. 4th 55, 70 (1999) ("Implied covenants are disfavored at

10  law. . . . The courts will not imply a better agreement for parties than they themselves have been

11  satisfied to enter into, or rewrite contracts whenever they operate harshly.")

12  **11.   PLAINTIFF'S CLAIMS FOR FRAUD FAIL (SEVENTH, EIGHT, NINTH AND**

13  **TENTH CLAIMS)**

14  **A.      Fraud Claims**

15         The elements of fraud are:  (i) a false representation as to material fact, (ii) knowledge of

16  its falsity, (iii) intent to defraud, (iv) actual and justifiable reliance, and (v) resulting damage.

17  *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1331 (1986).  Under Rule

18  9(b) fraud allegations must be specifically pled.  *Glen Holly Entertainment, Inc. v. Tektronix,*

19  *Inc.*, 100 F. Supp. 2d 1086, 1093-1094 (C.D. Cal. 1999) (reciting California elements).

20         The purpose of Rule 9(b) is to ensure that "allegations of fraud are specific enough to

21  give defendants notice of the particular misconduct which is alleged to constitute the fraud

22  charged so that they can defend against the charge and not just deny that they have done

23  anything wrong. *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993).  "The complaint must

24  specify such facts as the times, dates, places, benefits received, and other details of the alleged

25  fraudulent activity." *Id*. at 671-72.  Merely identifying allegedly fraudulent conduct fails.  A

26  plaintiff "must set forth what is false or misleading about a statement, and why it is false." *In re*

27  *GlenFed Securities Litig.*, 42 F.3d 1541 at 1547 (9th Cir. 1994).

28         As for corporate defendants, Rule 9(b) requires plaintiffs to specifically plead:  (1) the

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   misrepresentation, (2) the speaker and his or her authority to speak (3) when and where the

2   statements were made, (4) whether the statements were oral or written, (5) if the statements were

3   written, the specific documents containing the representations, and (6) the manner in which the

4   representations were allegedly false or misleading. *Moore v. Kayport Package Express, Inc.*,

5   885 F.2d 531, 549 (9th Cir. 1989).  Vague or conclusory allegations are insufficient to satisfy

6       Rule 9(b)'s "particularity" requirement. *See, Moore*, 885 F. 2d at 540; *Wool v. Tandem*

7   *Computers, Inc.*, 818 F.2d 1433, 1439 (9th Cir. 1987).

8       Plaintiff has utterly failed to meet the pleading requirements for fraud.  Plaintiff merely

9   claims that "Defendant promised Plaintiff . . . ."  (FAC ¶ 71.)  There are no allegations as to (1)

10  the speaker and his or her authority to speak, (2) when and where the statements were made, or

11  (3) whether the statements were oral or written.  Further, there are no factual allegation, as

12  opposed to conclusion of law as to "knowledge of its falsity, (iii) intent to defraud, (iv) actual

13  and justifiable reliance, and (v) resulting damage."

14      Moreover, plaintiff's claim for fraud is nothing more than improper formulaic recitation

15  of elements of fraud and therefore fails to meet the Rule 8 standards. As stated in *Ashcroft v.*

16  *Iqbal*, 129 U.S. 1937, 1949 (2009):

17          [T]he pleading standard Rule 8 announces does not require "detailed
            factual allegations," but it demands more than an unadorned, the-
18          defendant-unlawfully harmed-me accusation.  [citation].  A pleading that
            offers "labels and conclusions" or "a formulaic recitation of the elements
19          of cause of action will not do." [citation].  Nor does a complaint suffice if
            it tenders "naked assertions" devoid of "further factual enhancement."

20

21      Plaintiff fraud claims falls well short of this standard.  It contains no factual allegations

22  and relies entirely on improper labels and legal conclusions, which are not entitled to the

23  presumption of truth. *Iqbal* at 1949-50.

24      To the extent that plaintiff alleges that there was a failure to disclose information and a

25  suppression of information, that claim also fails.  (FAC ¶ 90.)  Plaintiff fails to specifically state

26  what facts were not disclosed or why Wells Fargo had a duty to disclosure any facts.

27  Additionally, fraud based upon non-disclosure requires:  (1) a fiduciary or confidential

28  relationship; (2) nondisclosure; (3) intent to deceive; and (4) reliance and resulting injury, i.e.,

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   causation. Cal. Civ. Code § 1573; *Younan v. Equifax Inc.*, 111 Cal. App. 3d 498, 516 n. 14, 169

2   Cal. Rptr. 478 (1980); *Johannson v. Wachovia Mortg. FSB*, 2011 U.S. Dist. LEXIS 86692, 14-

3   15 (N.D. Cal. Aug. 5, 2011). Here, there was no fiduciary or confidential relationship. "Absent

4   special circumstances, a loan does not establish a fiduciary relationship between a commercial

5   bank and its debtor." *Das v. Bank of Am., N.A.*, 186 Cal. App. 4th 727, 741, 112 Cal. Rptr. 3d

6   439 (2010); *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989).

7       Moreover, plaintiff's claim for fraud appears to be based upon the original loan. (FAC ¶

8   82-83.) Since the loan was made in 2007, this claim is barred by the three year statute of

9   limitation. C.C.P. § 338.

10      Since there are no allegations in the FAC that meet the pleading requirements for fraud,

11  plaintiff's claims fail.

**B.    The Negligent Misrepresentation Claim Fails**

13      Under California law, negligent misrepresentation is a species of fraud. *Small v. Fritz*

14  *Companies, Inc.*, 30 Cal. 4th 167, 173-174 (2003); *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App.

15  4th 513, 519 (2004). For the reasons set forth above, plaintiff fails to plead facts meeting the

16  standards of Rule 8 or Rule 9(b) and fails to plead facts that support fraud or negligent

17  misrepresentation.

18      Moreover, negligent misrepresentation requires plaintiff to plead: (i) misrepresentation

19  of a past or existing material fact; (ii) without a reasonable ground for believing it to be true; (iii)

20  with intent to induce another's reliance on the fact misrepresented; (iv) ignorance of the truth and

21  justifiable reliance on the misrepresentation by the party to whom it was directed; and (v)

22  resulting damage. *Shamsian v. Atlantic Richfield Co.*, 107 Cal. App. 4th 967, 983 (2003).

23  There are no facts pled that meet the necessary elements for negligent misrepresentation.

24  Further, this claim appears to be based upon the original loan. (FAC ¶ 93-94.) Since the loan

25  was made in 2007, this claim is barred by the two year statute of limitation. C.C.P. § 339.

26      Moreover, the threshold element for any negligence claim is the existence of a duty of

27  care. *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 397 (1992). To assert a claim for negligence, a

28  plaintiff must allege that the defendant owed a duty to the plaintiff that was breached. *Ditto v.*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1 *McCurdy*, 520 F. 3d 1070, 1078 (9th Cir. 2007).  A plaintiff's "inability to plead a duty of care . .

2 . precludes his maintenance of a cause of action on any negligence theory."  *LiMandri v. Judkins*,

3 52 Cal. App. 4th 326, 349 (1997); *Cicone v. URS Corp.*, 183 Cal. App. 3d 194, 207-211 (1986)

4 (Duty of care necessary to proceed with a claim of negligent misrepresentation.)  "[A]bsent a

5 duty, the defendant's care, or lack of care, is irrelevant," *Software Design and Application Ltd.*

6 *v. Hoeffer & Arnolt, Inc.*, 49 Cal. App. 4th 472, 481 (1996) "The determination of whether a duty

7 exists is primarily a question of law." *Eddy v. Sharp*, 199 Cal. App. 3d 858, 864 (1988). As set

8 forth in Section 13 below, lenders do not owe their borrowers a duty of care.

9 **12.** **PLAINTIFF'S ELEVENTH CLAIM FOR PROMISSORY ESTOPPEL FAILS**

10   As a preliminary matter, promissory estoppel is not really a separate claim for relief.

11 Rather, it is an equitable device that serves as a substitute for consideration in certain cases.

12 *Raedeke v. Gilbratar Sav. & Loan Ass'n*, 10 Cal. 3d 665, 672 (1974).

13   A claim based on promissory estoppel requires:  "(1) a promise clear and unambiguous in

14 its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be

15 reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his

16 reliance." *Laks v. Coast Fed. Sav. & Loan Ass'n*, 60 Cal. App. 3d 885, 890-891 (1976)

17 (promissory estoppel claim failed because the alleged promise for an interim and permanent loan

18 was conditional, the terms were not clear and unambiguous, and Plaintiff's reliance was not

19 reasonable or foreseeable); *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261,

20 at *12 (C.D. Cal. Sep. 14, 2010) ("Detrimental reliance is an essential feature of promissory

21 estoppel"); *See, Aguilar v. Int'l Longshoremen's Union Local # 10*, 966 F.2d 443, 446 (9th Cir.

22 1992) ("The fact that inferences might be drawn from these representations, however, does not

23 transform them into an enforceable promise.")

24   Plaintiff cannot identify a "clear and unambiguous" promise.  At most, plaintiff alleges

25 that "Defendants' representatives promised . . . Plaintiff that Defendants' foreclosure department

26 would hold off their foreclosure process to facilitate a loan modification and that Plaintiff need to

27 withhold payments to be eligible for the loan modification." (FAC ¶ 100.)  There was no

28 enforceable promise.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

To the extent that there was a "promise" to hold off on foreclosure, that "promise" was apparently honored.  Plaintiff alleges that the "promise" was made in April 2012, plaintiff admits that no foreclosure occurred during the time that she submitted document in 2012.  (FAC ¶¶ 16-18.)

The recent Central District opinion granting a motion to dismiss *Cabanillas v. Wachovia Mortg.,* Case No. SACV 12-00228-CJC (JPRx) (C.D. Cal. March 20, 2012; J. Carney) is directly on point in dismissing a claim for promissory estoppel.  In *Cabanillas,* the claim for promissory estoppel was premised on the allegation that Wachovia "made numerous oral promises that they would give Plaintiffs a loan modification ... if Plaintiffs completed an application for a loan modification and provided certain documents... yet Wachovia still denied their loan modification request." *Id.* at *3.  However, the court held that the claim failed because:

> The *Cabanillas* have failed to allege a clear or unambiguous promise related to their loan modification...  Although these alleged representations by Wachovia imply something about the future, the representations are not clear, unambiguous, enforceable promises that support a promissory estoppel claim.  By the *Cabanillas'* own admission, Wachovia merely promised to consider and evaluate their loan modification request.  That the *Cabanillas* did not receive a loan modification does not entitle them to pursue a claim of promissory estoppel. *Id.* at *4.

The allegations are made by plaintiff are similar to those rejected *Cabanillas.*  As in *Cabanillas,* "That plaintiffs did not receive a loan modification does not entitle them to pursue a claim of promissory estoppel." *Id.* at *4.  Accordingly, the claim is defective and cannot support an injunction.

Further, there was no detrimental reliance.  Plaintiff merely alleges that she "was induced to invest further funds to complete the project and not seek alternate means of curing any default." (FAC ¶101.)  This vague statement does not establish detrimental reliance.  First, the claim that she "was induced to invest further funds to complete the project" makes no sense and is not supported by factual allegations.  Second, plaintiff fails allege what "alternate means of curing" would have been pursued.  Plaintiff's allegation fails to meet the Rule 8 standard.

The case of *Nong v. Wells Fargo Bank, N.A., et al.,* 2010 U.S. Dist. LEXIS 136464, at *8-*10 (C.D. Cal. 2011), is instructive given its factual similarity.  The plaintiff asserted that

1    Wachovia should be estopped from foreclosing her property because it told her that she met the

2    qualifications for a HAMP modification. The court rejected this reasoning because "lenders are

3    not required to make loan modifications for borrowers that qualify under HAMP nor does the

4    servicer's agreement confer an enforceable right on the borrower." *Id.* at *10 (citing *Hoffman v.*

5    *Bank of America, N.A.*, 2010 U.S. Dist. LEXIS 7045 (N.D. Cal. June 30, 2010)). According to

6    the court in *Nong*, "reliance on a statement that she qualified for [a loan modification] would not

7    be reasonable, for qualification … does not entitle a borrower to a loan modification." *Id.*

8    Plaintiffs could not have a reasonable expectation that a loan modification would be offered. No

9    modification was ever promised. And plaintiffs were not entitled to a loan modification, even if

10   they qualified.

11           Moreover, plaintiff alleged that she relied on Wells Fargo's statements by not **seeking**

12   **alternate means** of curing the default. This claim is weaker than the claim rejected in *Nong*. In

13   *Nong*, plaintiff alleged she relied on Wachovia's statements by not pursuing other strategies to

14   avoid foreclosure. *Id.* at *9. Again, the court rejected that reasoning in striking down her claim.

15   "Where a plaintiff does not allege facts that could establish that [she] would have been

16   successful in delaying the foreclosure sale, renegotiating her loan, and retaining possession of

17   her home, dismissal is proper because the Complaint lacks a connection between her reliance on

18   the alleged promise and losing her home to sustain her claim for estoppel." *Id. (citing Newgent*

19   *v. Wells Fargo Bank, N.A.,* 2010 U.S. Dist. LEXIS 18476, at *18 (S.D. Cal. Mar. 2, 2010)).

20           Finally, promissory estoppel requires plaintiff to demonstrate a change in position in

21   response to what was promised. *Smith v. City & County of San Francisco*, 225 Cal. App. 3d 38,

22   48 (1990). The action induced must be "of a definite and substantial character on the part of the

23   promissee." *Vlat v. University of So. California*, 5 Cal. App. 3d 935, 944 (1970). Plaintiff took

24   no action, let alone definite and substantial action, as a result of the alleged promises. Plaintiff

25   has not demonstrated any change in position and has not alleged action of a definite and

26   substantial character.

27       **13.   PLAINTIFF'S TWELFTH CLAIM FOR NEGLIGENCE FAILS**

28           "[A]bsent a duty, the defendant's care, or lack of care, is irrelevant." *Software Design*

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   *and Application Ltd. v. Hoeffer & Arnolt Inc.*, 49 Cal. App. 4th 472, 481 (1996).  A plaintiff's

2   "inability to plead a duty of care on the part of [defendant] precludes his maintenance of a cause

3   of action on any negligence theory." *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 349 (1997).

4   "The determination of whether a duty exists is primarily a question of law." *Eddy v. Sharp*, 199

5   Cal. App. 3d 858, 864 (1988).

6     California law is clear: "as a general rule, a financial institution owes ***no duty of care to a***

7   ***borrower*** when the institution's involvement in the loan transaction does not exceed the scope of

8   its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savs. & Loan Ass'n*,

9   231 Cal. App. 3d 1089 (1991) (emphasis added); *Resolution Trust Corp. v. BVS Dev.*, 42 F.3d

10   1206, 1214 (9th Cir. 1994) ("Under California law, a lender does not owe a borrower or third

11   party any duties beyond those expressed in the loan agreement, excepting those imposed due to

12   special circumstance or a finding that a joint venture exists.").

13     In a recent case, a district court carefully reviewed California law governing the duties

14   owed by a lender to a borrower concerning a loan modification.  In *Dooms v. Fed. Home Loan*

15   *Mortg. Corp.*, 2011 U.S. Dist. LEXIS 38550, at **24-25 (E.D. Cal. Mar. 30, 2011), the plaintiff-

16   borrower had "experienced financial difficulties" and requested a loan modification.   The

17   *Dooms* court found that "[t]here is ***no actionable duty between a lender and borrower*** in that

18   loan transactions are arms-length." *Id.* at *25 (emphasis added).  "A lender 'owes no duty of

19   care to  the [borrowers] in approving their loan.  Liability to a borrower for negligence arises

20   only when the lender "actively participates" in the financed enterprise "beyond the domain of the

21   usual money lender." *Id.* at **25-26 (*citing Wagner v. Benson,* 101 Cal. App. 3d 27, 35 (1980);

22   *Nymark*, 231 Cal. App. 3d at 1096 ["as a general rule, a financial institution owes no duty of care

23   to a borrower when the institution's involvement in the loan transaction does not exceed the

24   scope of its conventional role as a mere lender of money"]; and *Meyers v. Guarantee Sav. &*

25   *Loan Ass'n*, 79 Cal. App. 3d 307, 312 (1978) [no lender liability when lender did not engage "in

26   any activity outside the scope of the normal activities of a lender of construction monies"]).

27     Other federal courts have found that a lender owes no duty to the borrower with respect

28   to a modification. *See Argueta v. J.P. Morgan Chase*, 2011 U.S. Dist. LEXIS 70756, at **14-16

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   (E.D. Cal. June 30, 2011); *DeLeon v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 112941,

2   9-12 (N.D. Cal. Oct. 22, 2010) (negligence claim fails because lender had no "duty to Plaintiffs

3   to complete the loan modification process, postpone the foreclosure sale pending completion of

4   such process, and serve a proper notice of sale"); *Coppes v. Wachovia Mortg. Corp.*, 2011 U.S.

5   Dist. LEXIS 42061, at **17-18 (E.D. Cal. Apr. 13, 2011) (court dismissed negligence claim

6   because "Plaintiff has not alleged 'special circumstances' plausibly suggesting Wachovia owed

7   her a duty of care because it 'actively participate[d] in the financed enterprise beyond the domain

8   of the usual money lender.'").

9          In this case, there is simply nothing to suggest that Wells Fargo did anything that

10  "exceed[ed] the scope of its conventional role as a mere lender of money." *Nymark*, 231 Cal.

11  App. 3d at 1096. "[L]oan modification is an activity that is 'intimately tied to Defendant's

12  lending role.'" *Johnston v. Ally Fin., Inc.*, 2011 U.S. Dist. LEXIS 83298, at **10-11 (S.D. Cal.

13  July 29, 2011) (quoting *Karimi v. Wells Fargo*, 2011 U.S. Dist. LEXIS 47902, at *7 (C.D. Cal.

14  2011)) (dismissing negligence claims where "[t]he complaint only alleges that Plaintiffs

15  attempted to enter into an arms-length transaction with [lender] for a loan modification and does

16  not contain any facts showing special circumstances that would require imposing a duty on

17  [lender].").

18         In addressing a borrower's allegations that the lender was negligent in failing to review

19  modification application, the court in *Ortiz v. America's Servicing Co.* dismissed the negligence

20  claim, finding that the lender did not owe a legal duty of care to borrower. The court explained:

21  "because 'approving an initial loan is within a lender's conventional role, loan modification is

22  also intimately tied to Defendant's lending role,' and therefore does not give rise to a legal duty

23  between the lender and borrower." 2012 U.S. Dist. LEXIS 82092, at *15 (C.D. Cal. Jun. 11,

24  2012).

25         Moreover, this claim relates to loan servicing and is preempted by HOLA. (Section 4D.)

26  / / /

27  / / /

28  / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

14. **PLAINTIFF'S ELDER ABUSE CLAIM FAILS**

**A.    The Elder Abuse Claim Is Barred By The Statute Of Limitations**

Plaintiff's claim appears to be based on plaintiff receiving a loan "Plaintiff could never pay off because of her advanced age . . . ." (FAC ¶ 114.)   The Loan was origination in 2007. (RJN Exh. A.)  The claim is therefore barred by the two year statute of limitations.  *See,* Cal. Code Civ. Proc. CCP § 335.1.  *Benun v. Superior Court*, 123 Cal. App. 4th 113, 126 (2003) ("The [CCP] section 335.1 statute of limitations… is facially applicable to elder abuse actions and provides a two-year limitation period…."). [5]

**B.    Extending Credit Does Not Constitute Elder Abuse**

Financial abuse is defined in section 15610.30(a) of California's Welfare and Institutions Code, which provides:

> Financial abuse" of an elder or dependent adult occurs when a person or entity does any of the following:  (1) Takes, secretes, appropriates, or retains real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both; (2) Assists in taking, secreting, appropriating, or retaining real or personal property of an elder or dependent adult to a wrongful use or with intent to defraud, or both. Cal. Welf. & Inst. Code § 15610.30(a)(1)-(2).  A person or entity is "deemed to have taken, secreted, appropriated, or retained property for a wrongful use if, among other things, the person or entity takes, secretes, appropriates or retains possession of property in bad faith." *Id.* § 15610.30(b).

The mere extension of a loan does not give rise to elder abuse liability against a lender. *Das v. Bank of America, N.A.*, 186 Cal. App. 4th 727, 744 (2010) ("Nothing in appellant's complaints suggests that respondent, in issuing a loan to Kaustubh and transferring his funds at his request, obtained his property for an improper use, or acted in bad faith or with a fraudulent intent."); *Nevis v. Wells Fargo Bank*, 2007 U.S. Dist. LEXIS 65932 (N.D. Cal. Sept. 6, 2007); *McGill v. Wachovia Mortg., FSB Loan*, 2010 U.S. Dist. LEXIS 43393 (E.D. Cal. March 3, 2010) (relying on *Nevis, supra's* finding that plaintiff's bare allegations that defendant acted in bad faith and intended to defraud plaintiff by inducing her into an unmanageable loan were not

---

[5] The Legislature amended section 15657.5 in 2008 and added section 15657.7, which creates a four-year statute of limitations within which to bring an action for damages based on financial abuse of an elder.  The amendments, which became effective January 1, 2009, do not apply retroactively.  Even if the four year statute of limitations applied the claim is still barred.

CASE NO.: 4:13-CV-0808-PJH
MEM OF POINTS AND AUTHORITIES

1  specific enough to allege claim of elder abuse.)

2       Moreover, Welfare and Institutions Code § 15657(c) requires compliance with Civil

3  Code § 3294 before a plaintiff can maintain a cause of action for elder abuse.  That means

4  pleading and proving corporate ratification or authorization of the intentional misconduct.  To

5  establish corporate ratification of an intentional tort under Civil Code § 3294, a plaintiff must

6  prove that a managing agent approved and ratified the intentional tort.  Such a managing agent

7  includes "only those corporate employees who exercise substantial independent authority and

8  judgment in their corporate decision making so that their decisions ultimately determine

9  corporate policy." *White v. Ultramar*, 21 Cal. 4th 563, 566-567 (1999).  Plaintiff's complaint

10 alleges nothing even remotely suggesting any officer, director or managing agent ever authorized

11 or ratified any wrongdoing.

12 **15.  PLAINTIFF'S FOURTEENTH CLAIM FOR WRONGFUL FORECLOSURE FAILS**

13      Plaintiff relies on California Civil Code § 2924.11(a) to support her "wrongful

14 foreclosure" claim.  ( FAC ¶120.)  Plaintiff bases her claim on the mistaken belief that merely

15 "working on securing a loan modification" prevents foreclosure.  (FAC ¶ 121.)  This is not the

16 law.  Instead, Section 2924.11(a) only applies if "a foreclosure prevention alternative is

17 **approved in writing** . . . [and] The borrower is in compliance with the terms of a written trial or

18 permanent loan modification, forbearance, or repayment plan." Civil Code § 2924.11(a),

19 emphasis added.  Here, there are no allegations in the FAC that plaintiff was approved in writing

20 for a foreclosure prevention alternative.

21      Moreover, Section 2924.11 is part of the newly enacted Home Owners Bill Of Rights

22 ("HBOR").  Plaintiff cannot bringing any HBOR claim as the Loan was made to a trust and

23 HBOR applies only to borrowers who are "natural person." Civ. Code § 2920.5(c).  Specifically,

24 Section 2920.5 (the definition section for HBOR) states "[u]nless otherwise provided . . .

25 'borrower' means any natural person who is a mortgagor or trustor . . . ."  Here, the Loan was not

26 made to a natural person, but instead the Loan was made to trust.  Specifically, the Loan was

27 made to "Heddi M. Lindberg, Trustee of the Heddi M. Lindberg Revocable Trust.  (RJN, Exh. A;

28 FAC, Exh. A.)  Therefore, plaintiff's claims under HBOR fails.

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

**16. PLAINTIFF'S UNFAIR BUSINESS PRACTICES CLAIM IS PLAGUED WITH INCURABLE DEFECTS (FIFTEENTH CLAIM)**

Plaintiff has failed to allege a violation of California's Unfair Competition Law, Business & Professions Code § 17200, *et seq.* ("UCL"). The UCL precludes any unlawful, unfair, or fraudulent business act or practice. The "unlawful" prong of the UCL applies where a practice is "forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838-839 (1994) (citation omitted). In short, the UCL "borrows" violations of other laws and authorizes a separate action pursuant to the UCL. *See, Farmers Ins. Exch. v. Super. Ct.*, 2 Cal. 4th 377, 393 (1992). The "unfair" prong applies when the practice at issue allegedly violates "the policy or spirit of [anti-trust] laws because its effects are comparable to a violation of the law, or that otherwise significantly threatens or harms competition." *Cell-Tech Comic's, Inc., v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999). The "fraudulent" prong, post-enactment of Proposition 64, applies where a business act or practice actually misleads a plaintiff. *See, Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 849 (2008).

To state a UCL violation, plaintiff must allege **specific facts** showing ongoing unlawful, unfair, and fraudulent business acts on the part of the defendant. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003); *Hour v. Mali's of Cal., Inc.*, 14 Cal. App. 4th 612, 619 (1993). Here, plaintiff has plead no facts to support an UCL claim. Plaintiff merely makes meaningless allegations about a "scheme of selling off overpriced loan . . . ." (FAC ¶ 128) and a claim that Wells Fargo disclosed "Private Information of Plaitniff." (FAC ¶ 134.) These allegations do not meet the requirement of Rule 8 or the specificity required for a UCL claim.

To the extent plaintiff's UCL claim is based on an alleged failure to contact plaintiff as required by Section 2923.5, it fails. (FAC ¶ 141.) This claim is contradicted by the evidence. First, the notice of default includes a declaration that expressly states that the contact occurred. (FAC, Exh. B; RJN G.) Moreover, the FAC details contact with plaintiff. (FAC ¶¶ 16-18.)

To the extent that the UCL claim is based upon the other allegations in the FAC, it fails for the reasons set forth herein.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

17.   **PLAINTIFF'S SIXTEENTH CLAIM FOR CANCELLATION**

**OF INSTRUMENT FAILS**

Plaintiff alleges that the notice of default is invalid because it was executed by "agent for the beneficiary." (FAC ¶¶ 150-151.) The law applicable at the time of the recording, Civil Code Section 2924(a)(1), expressly allowed an authorized agent of the beneficiary to record the notice of default: "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents shall first file for record . . . a notice of default." The Courts have confirmed that a notice of default may be executed by the agent for the beneficiary. *Marty v. Wells Fargo Bank*, U.S. Dist. LEXIS 29686, at **13-14 (E.D. Cal. Mar. 21, 2011); *Saldate v. Wilshire Credit Corp.*, 711 F. Supp. 2d 1126, 1139 (E.D. Cal. 2010).

18.   **CONCLUSION**

For the foregoing reasons, Wells Fargo requests an order granting its motion to dismiss as to all claims without leave to amend.

Respectfully submitted,

Dated:  March 28, 2013

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: __/s/ Kenneth A. Franklin__
Kenneth A. Franklin
kfranklin@afrct.com
Attorneys for
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB (sued erroneously as Wells Fargo Bank, N.A., a/k/a Wachovia Mortgage as successor by merger with World Savings Bank FSB) ("Wells Fargo")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

**CERTIFICATE OF SERVICE**

2

3     I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena,

4     California  91101-2459.

5     On the date below, I served a copy of the foregoing document entitled:

6     **DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULES 9 AND 12(b)(6)**

7

on the interested parties in said case as follows:

8

**Served Electronically Via the Court's CM/ECF System**

9

|  |  |
|---|---|
| *Attorneys for Plaintiff:* | *Attorneys for Defendant:* |
| | *Regional Trustee Services Corporation* |
| | |
| Vernon L. Bradley | Robin Prema Wright, Esq. |
| Law Offices of Vernon L. Bradley | Nicole K. Neff, Esq. |
| Waldo Point Harbor | WRIGHT, FINLAY & ZAK, LLP |
| 54 Liberty Dock | 4665 MacArthur Court, Suite 280 |
| Sausalito, CA  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 | Newport Beach, CA  92660 |
| | |
| Tel:  415-331-4441 | Tel:   (949) 477-5050 |
| Fax:  415-331-4443 | Fax:  (949) 477-9200 |
| | *rwright@wrightlegal.net* |
| | *nneff@wrightlegal.net* |

18

19     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the

20     Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on March 28, 2013.

21

22     Leslie Coumans                              */s/ Leslie Coumans*
      _____          _____

23          (Type or Print Name)                        (Signature of Declarant)

24

25

26

27

28

93000/FR0813/00611236-2

CASE NO. 4:13-CV-0808-PJH
CERTIFICATE OF SERVICE