UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HEDDI LINDBERG,

    Plaintiff,

    v.

WELLS FARGO BANK N.A., et al.,

    Defendants.
_____/

No. C 13-0808 PJH

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

    Plaintiff's motion for a preliminary injunction came on for hearing before this court on April 17, 2013. Plaintiff Heddi Lindberg appeared through her counsel, John Holman. Defendant Wells Fargo Bank N.A. ("Wells Fargo") appeared through its counsel, Kenneth Franklin. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion as follows.

    An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008); see also Munaf v. Geren, 553 U.S. 674, 689-90 (2008). A preliminary injunction "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam) (citation omitted).

    A plaintiff seeking a preliminary injunction must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary

relief, that the balance of equities tips in her favor, and that an injunction is in the public interest.  Winter, 555 U.S. at 20.  Alternatively, the plaintiff may demonstrate that the likelihood of success is such that "serious questions going to the merits were raised and that the balance of hardships tips sharply in the plaintiff's favor," so long as the other two elements of the Winter test are met.  Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).  A "serious question" is one on which the plaintiff "has a fair chance of success on the merits."  Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

In her complaint, plaintiff alleges sixteen causes of action:  (1) declaratory relief, (2) temporary, preliminary, and permanent injunction, (3) intentional infliction of emotional distress, (4) negligent infliction of emotional distress, (5) quiet title, (6) breach of implied covenant of good faith and fair dealing, (7) deceit - promise made without intent to perform, (8) deceit - intentional misrepresentation, (9) fraud and deceit - suppression of material fact, (10) fraud and deceit - negligent misrepresentation, (11) promissory estoppel, (12) negligence, (13) elder abuse, (14) wrongful foreclosure, (15) violation of Cal. Bus. & Prof. Code § 17200, and (16) cancellation of instruments.  However, in her motion for preliminary injunction, plaintiff presents "likelihood of success" arguments as to only ten of these causes of action:  (1) declaratory relief; (2) intentional infliction of emotional distress; (3) negligent infliction of emotional distress; (4) quiet title; (5) breach of implied covenant of good faith and fair dealing; (6) fraud and deceit - promise made without intent to perform; (7) fraud and deceit - negligent misrepresentation; (8) promissory estoppel; (9) negligence; and (10) violation of Cal. Bus. & Prof. Code § 17200.  Although plaintiff does not expressly discuss the likelihood of success of her wrongful foreclosure claim, the court will consider whether the arguments made in the motion and at the hearing (which do relate to that cause of action) establish a likelihood of success on that claim.

Plaintiff seeks a preliminary injunction halting the scheduled non-judicial foreclosure sale of her residential property.  The court finds that the motion must be DENIED, because plaintiff has failed to demonstrate either a likelihood of success on the merits, or a "serious

question" going to the merits of her claims.

The facts are as follows. Plaintiff entered into a loan agreement with World Savings bank (the predecessor-in-interest to Wells Fargo[1]) in March 2007, for $475,000. Plaintiff was having trouble making the mortgage payments, and in 2012, she sought a loan modification from Wells Fargo. Plaintiff alleges that this loan modification process was "protracted" and "endless," and that she was told to submit the same documents "over and over again." Plaintiff also alleges that, while the modification process was ongoing, Wells Fargo was simultaneously initiating foreclosure proceedings. On February 1, 2013, plaintiff received a letter from Patrick Finnegan at Wells Fargo, asking for additional information and documents to be provided before February 4, 2013. On February 4, plaintiff contacted Mr. Finnegan by phone, and after first saying that he did not have authorization to discuss the requests, Mr. Finnegan ultimately maintained that the documents needed to be submitted by the end of the day. Plaintiff contends that Wells Fargo was "hoping that plaintiff would not be vigilant with her foreclosure," and would thus render moot her modification application. Plaintiff also argues that, aside from any irregularities in the loan modification process, Wells Fargo lacks authority to foreclose, because Wells Fargo lost its interest in the loan during the securitization process, because the note has been separated from the deed of trust, because the chain of title in the note has been broken, and because plaintiff's debt has become unsecured. Wells Fargo counters by arguing that plaintiff's note ownership and loan modification claims are preempted by the Home Owners Loan Act ("HOLA"), and that they lack merit in any case. As to plaintiff's note ownership claims, the court agrees with Wells Fargo. See, e.g., Ahmed v. Wells Fargo Bank, 2011 WL 1751415 (N.D. Cal. May 9, 2011) (finding note ownership claims preempted by HOLA); Hafiz v. Greenpoint Mortgage Funding, Inc., 652 F.Supp.2d 1039, 1043 (N.D. Cal. 2009) (original note is not required in order to foreclose). The court further finds that plaintiff's chain of title argument is without merit, based on the evidence presented by Wells Fargo that the loan

---

[1] In December 2007, World Savings changed its name to Wachovia Mortgage, FSB, and Wachovia was then merged with Wells Fargo.

3

was never actually subject to an assignment, and instead, the lender merely changed its name (from World Savings to Wachovia) and then merged into Wells Fargo.  See Dkt. 18.[2]  The court also finds that plaintiff has not presented any support for her securitization argument.

However, the court cannot so easily reject plaintiff's arguments regarding loan modification.  Specifically, plaintiff alleges that (1) Wells Fargo made false representations that plaintiff's house would not be foreclosed upon during the loan modification process, and (2) California has now outlawed the practice of "dual tracking," where a lender initiates foreclosure proceedings while the loan modification is ongoing.  If these allegations have merit, then it would appear that Wells Fargo has engaged in conduct that exceeded the bounds of mere "processing" and "servicing" of mortgages, which would preclude preemption of plaintiff's claims, to the extent they are premised on irregularities in the modification process.  Thus, the court will evaluate plaintiff's loan modification arguments to determine whether they establish a likelihood of success on the merits of any of plaintiff's claims.

Plaintiff alleges that Wells Fargo "reassured and convinced her" that "there would be no foreclosure so long as [she] worked with Wells Fargo toward a loan modification."  Dkt. 22-3, ¶ 4.  Wells Fargo counters this allegation by claiming that plaintiff withdrew her loan modification application on April 17, 2012, and that since then, she has not submitted a complete loan modification application.  Dkt. 17-1, ¶ 16.  Plaintiff responds with generalized allegations that she was told to send "additional documents and the same documents over and over again" and that Wells Fargo "kept asking for documents, this document, that document."  Dkt. 22-3, ¶ 3, 4.  Wells Fargo points to a specific letter sent via overnight delivery on January 22, 2013, which included a checklist of documents that needed to be submitted by January 28, 2013, in order to continue with the loan modification process.  Dkt. 17-3, Ex. A.  Critically, the letter states that "[a]ll items must be dated within the last 30

---

[2] Wells Fargo's request for judicial notice, which contains the referenced chain of title evidence, is GRANTED.

4

days." Id. At the hearing, plaintiff's counsel admitted that plaintiff was unable to submit these documents in time, thereby admitting that plaintiff did not submit a completed loan modification application in response to this letter. Thus, even if plaintiff is correct that Wells Fargo represented that there would be no foreclosure during the modification review process, without a completed application, Wells Fargo could not begin the modification process. And even if plaintiff is correct that she had already submitted the documents requested by Wells Fargo, she does not allege that she submitted those documents within the previous 30 days, and in fact, does not allege that she submitted the documents after she allegedly withdrew her modification application in April 2012. Because of plaintiff's failure to show that she submitted a completed loan application, she cannot show a likelihood of success on any claim that is based on modification-related allegations.

Plaintiff then argues that a newly-enacted California law prohibits the practice of "dual tracking," where the lender forecloses even though the borrower is seeking a loan modification. See Cal. Civ. Code § 2923.6 (effective Jan. 1, 2013). However, plaintiff's arguments here fail for the same reasons described above. Section 2923.6 provides only that a lender may not foreclose if the borrower "submits a complete application for loan modification." Cal. Civ. Code § 2923.6(c). Because plaintiff cannot establish that she submitted a completed modification application, this argument fails.

Plaintiff's failure to submit a completed loan modification application precludes her from establishing a likelihood of success on the merits of most of her claims. Plaintiff's claims for fraud, promissory estoppel, intentional and negligent infliction of emotional distress, breach of implied covenant of good faith and fair dealing, negligence, and violation of section 17200 are premised on alleged irregularities in the modification process. Because Wells Fargo presents meritorious defenses to each of these claims, plaintiff cannot establish a likelihood of success on the merits as to any of them. Plaintiff's emotional distress claims fail for the additional reason that she fails to allege the "extreme" and "outrageous" conduct needed to prevail on such claims. And to the extent that plaintiff argues that she is likely to succeed on her wrongful foreclosure claim (again, plaintiff did

not address this claim in her papers, but did so at the hearing), her arguments are based on the same alleged irregularities in the modification process that were considered and rejected above.

Nor can plaintiff show that she is likely to succeed on the remaining claims addressed in her motion, her declaratory relief and quiet title claims. She admits that her declaratory relief claim is based on "the unclear chain of title, and not a foreclosure statute," and thus fails for the reasons described above, that Wells Fargo has made an adequate showing that there was no break in the chain of title. Finally, plaintiff's quiet title claim is doomed by her failure to tender the amount owed.

Accordingly, the court finds that plaintiff has failed to establish either a likelihood of success on the merits of her claims, or that there are clear questions going to the merits, and that the motion for a preliminary injunction must be DENIED.

**IT IS SO ORDERED.**

Dated: April 22, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge