1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7
8
9    HEDDI LINDBERG,
10            Plaintiff,                    No. C 13-0808 PJH
11       v.                                 **ORDER DENYING MOTION TO**
                                            **REMAND, GRANTING MOTION**
12   WELLS FARGO BANK N.A., et al.,         **TO DISMISS**
13            Defendants.
     _____/
14
15        Plaintiff's motion to remand and defendant's motion to dismiss came on for hearing
16   before this court on June 12, 2013.  Plaintiff Heddi Lindberg appeared through her counsel,
17   John Holman.  Defendant Wells Fargo Bank N.A. ("Wells Fargo") appeared through its
18   counsel, Yaw-Jiun Wu.  Having read the parties' papers and carefully considered their
19   arguments and the relevant legal authority, and good cause appearing, the court hereby
20   DENIES plaintiff's motion to remand, as stated at the hearing, and GRANTS Wells Fargo's
21   motion to dismiss as follows.
22        This is a mortgage case.  The facts, as alleged in the first amended complaint
23   ("FAC"), are as follows.  Plaintiff entered into a loan agreement with World Savings Bank
24   (the predecessor-in-interest to Wells Fargo[1]) in March 2007.  The amount of the loan was
25   $475,000.  Plaintiff was having trouble making the mortgage payments, and in 2012, she
26   sought a loan modification from Wells Fargo.  Plaintiff was first told that she needed to be in
27
28        [1]In December 2007, World Savings changed its name to Wachovia Mortgage, FSB, and
     Wachovia was then merged with Wells Fargo.

United States District Court

For the Northern District of California

default for three months in order to qualify for a loan modification.  Plaintiff was then told to provide documentation of her income.  However, on or about October 10, 2012, plaintiff received a notice of default from Wells Fargo.  Plaintiff claims that she contacted Wells Fargo, and was told "not to be concerned about foreclosure."  But on January 10, 2013, a notice of trustee's sale was recorded, setting a sale date of February 13, 2013.  While these foreclosure proceedings were going on, plaintiff claims that she was still in discussions with Wells Fargo about a loan modification.  On February 1, 2013, plaintiff received a letter from Patrick Finnegan at Wells Fargo, asking for additional information and documents to be provided before February 4, 2013.  On February 4, plaintiff contacted Mr. Finnegan, who maintained that the documents needed to be submitted by the end of the day.  Plaintiff contends that Wells Fargo was "hoping that plaintiff would not be vigilant with her foreclosure," thus rendering moot her modification application.  Plaintiff further claims that Wells Fargo "never intended to modify her loan."  Plaintiff also argues that, aside from any irregularities in the loan modification process, Wells Fargo lacks authority to foreclose, because (1) Wells Fargo lost its interest in the loan during the securitization process, (2) the note has been separated from the deed of trust, because the chain of title in the note has been broken, and (3) plaintiff's debt has become unsecured.

Plaintiff originally filed suit in state court on February 8, 2013, naming as defendants Wells Fargo and Regional Trustee Services Corporation (together, "defendants").  Defendants removed the case to this court on February 21, 2013.  Plaintiff then filed a first amended complaint ("FAC"), which is the subject of this motion, on March 15, 2013.  The FAC alleges sixteen causes of action:  (1) declaratory relief, (2) temporary, preliminary, and permanent injunction, (3) intentional infliction of emotional distress, (4) negligent infliction of emotional distress, (5) quiet title, (6) breach of implied covenant of good faith and fair dealing, (7) deceit - promise made without intent to perform, (8) deceit - intentional misrepresentation, (9) fraud and deceit - suppression of material fact, (10) fraud and deceit - negligent misrepresentation, (11) promissory estoppel, (12) negligence, (13) elder abuse, (14) wrongful foreclosure, (15) violation of Cal. Bus. & Prof. Code § 17200, and (16)

United States District Court

For the Northern District of California

1   cancellation of instruments.  On the same day that plaintiff filed the FAC, she also filed a

2   motion for preliminary injunction, seeking to stop the foreclosure sale of the subject

3   property.  The court denied the motion for preliminary injunction on April 22, 2013.  See

4   Dkt. 27.

5        Now before the court are Wells Fargo's motion to dismiss (filed March 29, 2013) and

6   plaintiff's motion to remand (filed May 3, 2013).  Because plaintiff's motion to remand

7   presents a threshold jurisdictional question, the court will address that motion first.  In her

8   motion, plaintiff argues that neither of the requirements for diversity jurisdiction is met,

9   because Wells Fargo "has not shown that the amount in controversy exceeds $75,000,"

10  and because both parties are citizens of California.  As to the amount in controversy, Wells

11  Fargo argues that "[i]n actions seeking declaratory or injunctive relief, it is well established

12  that the amount in controversy is measured by the value of the object of the litigation." Hunt

13  v. Washington State Apple Advertising Com'n, 432 U.S. 333, 347 (1977).  In this case,

14  plaintiff seeks to invalidate the deed of trust to the subject property (valued at $565,000)

15  and seeks a determination that her debt to Wells Fargo (which was $475,000 at the time of

16  the loan, and is now $531,195.49) is invalid.  Thus, the court finds that the amount in

17  controversy in this case does exceed $75,000.

18       As to the citizenship of Wells Fargo, the court first notes that the Supreme Court has

19  held that "a national bank . . . is a citizen of the state in which its main office, as set forth in

20  its articles of association, is located." Wachovia Bank v. Schmidt, 546 U.S. 303, 307

21  (2006).  Plaintiff does not dispute that Wells Fargo's articles of association designate South

22  Dakota as the state in which its main office is located.  However, plaintiff argues that Wells

23  Fargo should also be considered a citizen of the state in which its principal place of

24  business is located.  Under this view, Wells Fargo would be considered a citizen of both

25  South Dakota and California, which would preclude diversity jurisdiction in this case, since

26  plaintiff is also a citizen of California.  In support of her argument, plaintiff cites to a handful

27  of cases from district courts in California.  See, e.g., Martinez v. Wells Fargo Bank, 2013

28  WL 2237879 (N.D. Cal. May 21, 2013); Goodman v. Wells Fargo Bank, 2011 WL 2372044

United States District Court

For the Northern District of California

1    (C.D. Cal. June 1, 2011); Saberi v. Wells Fargo, 2011 WL 197860 (S.D. Cal. Jan. 20,

2    2011).  In each of these cases, the court found that the Ninth Circuit's opinion in American

3    Surety Co. v. Bank of California, 133 F.2d 160 (9th Cir. 1943), which held that banks are

4    citizens of the state in which their principal place of business is located, was not expressly

5    overruled by Schmidt.  In their (and plaintiff's) view, Schmidt allows for the possibility that a

6    bank can be a citizen of both the state designated in its articles of association and that

7    state in which its principal place of business is located.  However, in the absence of any

8    clear post-Schmidt authority from the Ninth Circuit, the court declines to adopt this "dual

9    citizenship" argument.  Instead, consistent with Schmidt, the court finds that Wells Fargo is

10   a citizen of South Dakota, and not of California.  Thus, both requirements of diversity

11   jurisdiction are met, and plaintiff's motion to remand is DENIED.

12        Turning to Wells Fargo's motion to dismiss, the court first notes that plaintiff alleges

13   four general categories of allegedly wrongful conduct on the part of Wells Fargo.  These

14   four categories of conduct are spread across plaintiff's sixteen asserted causes of action.

15   The four categories are as follows: (1) claims related to the origination of plaintiff's loan; (2)

16   claims that Wells Fargo did not have standing to foreclose on the subject property; (3)

17   claims that Wells Fargo committed fraud in the loan modification process; and (4) claims

18   that Wells Fargo engaged in "dual tracking" by initiating foreclosure proceedings while

19   plaintiff was attempting to negotiate a loan modification.

20        As to category (1), claims related to the origination of plaintiff's loan, the court first

21   notes that claims related to the origination of mortgage loans are expressly preempted by

22   the Home Owners' Loan Act of 1933 ("HOLA").  However, at least one of plaintiff's loan

23   origination claims (specifically, the eighth cause of action) alleges fraud in the origination of

24   her loan, which would exempt the claim from HOLA preemption.  Instead, to the extent that

25   plaintiff's loan origination claims allege fraud, the court finds such claims to be time-barred

26   by the three-year statute of limitations applicable to fraud claims.  Plaintiff's loan was

27   originated on or about March 15, 2007, but plaintiff did not file suit until February 8, 2013.

28   Thus, the court finds that plaintiff cannot state a claim for any conduct related to the

United States District Court

For the Northern District of California

1  origination of her loan.  The court will address the specific causes of action affected by this

2  finding below.

3       As to category (2), plaintiff alleges that Wells Fargo lacks standing to foreclose,

4  because it is not in possession of the original note, because the chain of title to the subject

5  property has been broken, and because plaintiff's loan has been securitized, which

6  extinguishes Wells Fargo's interest in the subject property.  The court notes that plaintiff's

7  opposition brief does not substantively address these arguments, and instead focuses on

8  her loan modification and dual tracking arguments.  Regardless, the judicially noticeable

9  documents submitted by Wells Fargo establish that there was no assignment of the deed of

10  trust; instead, the original lender (World Savings) changed its name to Wachovia Mortgage,

11  FSB, which was then merged with Wells Fargo Bank.  The court further finds that Wells

12  Fargo need not demonstrate ownership of the original note in order to foreclose.  See, e.g.,

13  Hafiz v. Greenpoint Mortgage Funding, Inc., 652 F.Supp.2d 1039, 1043 (N.D. Cal. 2009).

14  Finally, the court finds that plaintiff makes no non-conclusory allegations that her specific

15  loan was securitized, nor does she present any authority for her argument that

16  securitization would preclude Wells Fargo from foreclosing.  The court also notes that

17  HOLA preemption provides an independent basis for dismissing these "standing to

18  foreclose" claims.  See, e.g., Ahmed v. Wells Fargo, 2011 WL 1751415 (N.D. Cal. May 9,

19  2011); DeLeon v. Wells Fargo, 729 F.Supp.2d 1119 (N.D. Cal. 2010).

20       As to category (3), plaintiff alleges that Wells Fargo told plaintiff to stop making loan

21  payments in order to qualify for a loan modification, that she did indeed stop making loan

22  payments in reliance on that promise, and that she defaulted on her loan as a result.

23  Taken as true, these allegations could potentially state a claim for fraud, promissory

24  estoppel, and/or violation of Cal. Bus. & Prof. Code § 17200.  As discussed above, plaintiff

25  spreads these loan modification claims across many of her sixteen asserted claims.  Those

26  claims will be discussed more fully below.

27       Finally, as to category (4), plaintiff alleges that Wells Fargo improperly engaged in

28  "dual tracking" by initiating foreclosure proceedings while plaintiff was still negotiating a

United States District Court

For the Northern District of California

1    loan modification.  For support, plaintiff relies on the recently-passed California

2    Homeowners' Bill of Rights ("HBOR"), which prohibits such dual tracking.  However, the

3    statute prohibits foreclosure only after "a foreclosure prevention alternative is approved in

4    writing," and if the "borrower is in compliance with the terms of a written trial or permanent

5    loan modification, forbearance, or repayment plan."  Cal Civ. Code § 2924.11(a).  Plaintiff

6    does not allege that any loan modification plan was actually approved, and instead claims

7    only that she was "working on securing a loan modification."  Thus, plaintiff's dual tracking

8    arguments do not have merit.

9         Applying these findings to plaintiff's sixteen causes of action, the court first finds that

10   plaintiff's first cause of action (for declaratory relief) is based on her claims that Wells Fargo

11   does not own the original note and that her loan was securitized.  Thus, for the reasons

12   described above, plaintiff's first cause of action is DISMISSED.  Because plaintiff has not

13   provided any authority to show that these allegations may state a viable claim, the

14   dismissal is with prejudice.

15        Plaintiff's second cause of action is for a "preliminary and permanent injunction."

16   Wells Fargo points out that injunctive relief is a remedy, not a cause of action, and plaintiff

17   does not dispute this point in her opposition.  The court agrees, and DISMISSES plaintiff's

18   second cause of action with prejudice.

19        Plaintiff's third cause of action is for intentional infliction of emotional distress, and

20   appears to be based on both the origination of plaintiff's loan and on the attempted loan

21   modification.  To the extent this claim is based on loan origination, it is time-barred and

22   DISMISSED with prejudice.  To the extent this claim is based on loan modification efforts,

23   plaintiff has not (and cannot) allege that Wells Fargo's behavior was sufficiently

24   "outrageous" to give rise to an emotional distress claim.  Thus, plaintiff's third cause of

25   action is DISMISSED with prejudice.

26        Plaintiff's fourth cause of action is for negligent infliction of emotional distress, and is

27   based only on the attempted loan modification.  Plaintiff concedes that she needs to allege

28   the existence of a legal duty to use reasonable care in order to state a claim, and concedes

United States District Court

For the Northern District of California

1  that a usual lender of money owes no duty to the borrower, but argues that Wells Fargo

2  went "far beyond the domain of the usual money lender."  However, neither the FAC nor

3  plaintiff's opposition brief allege any facts that support this legal conclusion, and instead

4  allege only that Wells Fargo ultimately did not offer to modify plaintiff's loan.  Thus, plaintiff

5  has not adequately alleged that Wells Fargo owed her a duty that was breached, and

6  plaintiff's fourth cause of action is DISMISSED with prejudice.

7         Plaintiff's fifth cause of action is for "quiet title to real property," and is based on her

8  allegations that Wells Fargo does not possess the promissory note.  As explained above,

9  plaintiff's note ownership claims lack merit, and thus cannot give rise to a cause of action to

10  quiet title.  Moreover, to state a claim for quiet title, plaintiff must allege a credible offer to

11  tender the indebtedness.  See, e.g., Collins v. Power Default Services, Inc., 2010 WL

12  234902 (N.D. Cal. Jan. 24, 2010).  Plaintiff has not alleged such a tender, and instead

13  argues that there is no tender requirement for this claim.  The court disagrees, and

14  DISMISSES plaintiff's fifth cause of action with prejudice.

15         Plaintiff's sixth cause of action is for breach of the implied covenant of good faith.

16  According to the FAC, this claim is based on four categories of conduct: (1) failure to

17  "evaluate plaintiff's condition for foreclosure avoidance;" (2) failure to "advise plaintiff of her

18  statutory right to meet with defendants regarding such foreclosure avoidance;" (3) advising

19  plaintiff to stop payments in order to qualify for a loan modification; and (4) continuing with

20  foreclosure proceedings while plaintiff was attempting to get a loan modification.  FAC, ¶¶

21  68-69.  Plaintiff does not make clear which contract forms the basis of this claim.  To the

22  extent this cause of action is based on the original loan agreement, there is no allegation

23  that the agreement provided for or even contemplated a loan modification, so Wells Fargo's

24  alleged failure to properly evaluate/advise would not constitute a breach of any implied duty

25  under that contract.  And because there was never any agreement regarding a loan

26  modification, plaintiff cannot argue that Wells Fargo breached an implied duty under a

27  modification contract.  While these allegations regarding the modification would properly fall

28  under a fraud-type claim (which will be addressed below), they do not state a claim for

**United States District Court**
For the Northern District of California

1  breach of an implied duty of good faith.  Thus, plaintiff's sixth cause of action is

2  DISMISSED with prejudice.

3       Plaintiff's seventh cause of action is for "deceit - promise made without intent to

4  perform," and is premised on plaintiff's attempted loan modification.  Plaintiff alleges that

5  she was promised a loan modification if she submitted the necessary paperwork, that she

6  was told to stop making payments in order to qualify for a modification, and that no

7  foreclosure would occur until the loan modification process was completed.  FAC, ¶ 71.

8  Taken as true, these allegations could state a claim for fraud, assuming they are pled with

9  the required "particularity" under Rule 9(b).  A fraud claim requires (1) a false

10  representation as to a material fact; (2) knowledge of its falsity; (3) intent to defraud; (4)

11  actual and justifiable reliance; and (5) resulting damage.  Wilhelm v. Pray, Price, Williams &

12  Russell, 186 Cal.App.3d 1324, 1331 (1986).  Rule 9(b) further requires that fraud claims

13  allege the "who, what, when, and where" of the allegedly fraudulent statements.  Plaintiff

14  has identified the "what," and makes a general allegation regarding the "when," but

15  otherwise falls short of this pleading standard.  Thus, plaintiff's seventh cause of action is

16  DISMISSED, but plaintiff shall have an opportunity to amend this cause of action to satisfy

17  Rule 9(b)'s pleading standard.  Plaintiff's amended complaint must specifically allege what

18  the material false representations were, who made them, and when and where they were

19  made.

20       Plaintiff's eighth cause of action is for "deceit - intentional misrepresentation," and is

21  based on the origination of plaintiff's loan.  Plaintiff alleges that she was "unaware that

22  World Savings was operating in the subprime loan market," and that the "deal was in

23  actuality fake."  FAC, ¶ 82.  Plaintiff further alleges that the facts underlying this claim

24  "could not have been discovered sooner" because "defendants continually told these lies to

25  plaintiff telling her that plaintiff would not be put into foreclosure."  FAC, ¶ 85.  Here, plaintiff

26  muddles her loan modification allegations with her loan origination allegations, but it

27  appears that the loan modification allegations are intended to support her tolling argument.

28  In any case, plaintiff does not identify any specific misrepresentation during the origination

United States District Court

For the Northern District of California

1    of her loan, and does not adequately allege any basis for tolling her claims.  Thus, the court

2    finds that plaintiff's claim is time-barred.  Plaintiff's eighth cause of action is DISMISSED

3    with prejudice.

4          Plaintiff's ninth cause of action is for "suppression of material facts."  A claim for

5    fraud by non-disclosure requires (1) a fiduciary or confidential relationship, (2)

6    nondisclosure, (3) intent to deceive, and (4) reliance and resulting injury.  See, e.g.,

7    Johannson v. Wachovia Mortgage FSB, 2011 WL 3443952 (N.D. Cal. Aug. 5, 2011).

8    However, "[a]bsent special circumstances, a loan does not establish a fiduciary relationship

9    between a commercial bank and its debtor."  Das v. Bank of America, 186 Cal.App.4th 727,

10   741 (2010).  Thus, plaintiff cannot allege each element of this claim, and for that reason,

11   plaintiff's ninth cause of action is DISMISSED with prejudice.

12         Plaintiff's tenth cause of action is for "fraud and deceit - negligent

13   misrepresentation."  In order to state a claim for negligent misrepresentation, plaintiff must

14   allege the existence of a duty of care between herself and Wells Fargo.  See Ditto v.

15   McCurdy, 510 F.3d 1070, 1078 (9th Cir. 2007).  As explained above, a usual lender of

16   money owes no duty to the borrower.  Thus, plaintiff cannot state a claim for negligent

17   misrepresentation, and the tenth cause of action is DISMISSED with prejudice.

18         Plaintiff's eleventh cause of action is for promissory estoppel, and is based on her

19   attempted loan modification.  A claim for promissory estoppel requires (1) a clear and

20   unambiguous promise, (2) reliance by the party to whom the promise was made, (3) that

21   the reliance be reasonable and foreseeable, and (4) injury caused by the reliance.  Laks v.

22   Coast Fed. Sav. & Loan Ass'n, 60 Cal.App.3d 885, 890 (1976).  Plaintiff's allegations are

23   similar to her allegations with respect to her seventh cause of action - but because this

24   claim does not sound in fraud, Rule 9(b)'s particularity requirements do not apply here.

25   However, plaintiff has not identified the "clear and unambiguous" promise made by Wells

26   Fargo.  Instead, plaintiff alleges (in her opposition brief) that Wells Fargo promised her a

27   loan modification "with reasonable terms."  The court notes that "reasonable terms" cannot

28   constitute a clear and unambiguous promise, and finds it likely that this case is similar to

United States District Court

For the Northern District of California

1  Cabanillas v. Wachovia, in which the court found that the bank "merely promised to

2  consider and evaluate" a request for modification, but did not promise an actual

3  modification.  See Case No. 12-0228 (C.D. Cal. Mar. 20, 2012).  However, the court will

4  DISMISS the eleventh cause of action with leave to amend, to allow plaintiff an opportunity

5  to allege a sufficiently "clear and unambiguous" promise.

6  Plaintiff's twelfth cause of action is for negligence.  As explained above, plaintiff must

7  allege the existence of a duty of care between herself and Wells Fargo in order to state a

8  claim for negligence.  See Ditto v. McCurdy, 510 F.3d 1070, 1078 (9th Cir. 2007).  And

9  because a usual lender of money owes no duty to the borrower, plaintiff's twelfth cause of

10  action is DISMISSED with prejudice.

11  Plaintiff's thirteenth cause of action is for elder abuse, and is based entirely on the

12  origination of plaintiff's loan.  As discussed above, all loan origination claims are time-

13  barred, and thus plaintiff's thirteenth cause of action is DISMISSED with prejudice.

14  Plaintiff's fourteenth cause of action is for wrongful foreclosure, and is based on

15  HBOR's prohibition of "dual tracking."  As explained above, HBOR prohibits the initiation of

16  foreclosure proceedings only "if a foreclosure prevention alternative is approved in writing."

17  Cal. Civ. Code § 2924.11.  Plaintiff concedes that no loan modification (or other foreclosure

18  prevention alternative) was ever approved; thus, plaintiff's fourteenth cause of action is

19  DISMISSED with prejudice.

20  Plaintiff's fifteenth cause of action alleges a violation of Cal. Bus. & Prof. Code §

21  17200, and is largely derivative of plaintiff's other claims.  As a result, this claim rises and

22  falls with those claims.  Thus, to the extent that this claim is based on allegations of fraud in

23  the loan modification process, it is DISMISSED with leave to amend.  To the extent that this

24  claim is based on plaintiff's other allegations (loan origination, standing to foreclose, dual

25  tracking), it is DISMISSED with prejudice.

26  Plaintiff's sixteenth cause of action is for "cancellation of instrument," and is based

27  on allegations that Wells Fargo lacked standing to foreclose on the subject property

28  because of improprieties regarding the chain of title.  As discussed above, plaintiff has not

10

United States District Court
For the Northern District of California

1  adequately alleged any problem in the chain of title, and as a result, plaintiff's sixteenth

2  cause of action is DISMISSED with prejudice.

3      In sum, the FAC is dismissed in full, with leave to amend granted only as to the

4  seventh (fraud), eleventh (promissory estoppel), and fifteenth (section 17200) causes of

5  action, and only to the extent that those causes of action are based on plaintiff's attempted

6  loan modification.  Plaintiff is directed to file a second amended complaint, in accordance

7  with this order, no later than **August 8, 2013**.  The second amended complaint must be

8  limited to the three causes of action described above, and cannot contain any allegations

9  regarding the origination of plaintiff's loan, defendants' standing to foreclose, or defendants'

10  alleged "dual tracking."  No new parties may be added without leave of court.  Defendants

11  shall have until **August 29, 2013** to answer or otherwise respond to the complaint.

12      Finally, Wells Fargo's request for judicial notice is GRANTED.

13

14      **IT IS SO ORDERED.**

15  Dated: July 9, 2013

16  _____
    PHYLLIS J. HAMILTON
17  United States District Judge

18

19

20

21

22

23

24

25

26

27

28