UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HEDDI LINDBERG,

    Plaintiff,

        v.

WELLS FARGO BANK N.A., et al.,

    Defendants.
_____/

No. C 13-0808 PJH

**ORDER RE MOTION FOR ATTORNEYS' FEES**

      Before the court is defendant Wells Fargo Bank, N.A.'s ("defendant") motion for attorneys' fees, filed on January 2, 2014. Defendant seeks a fee award in the amount of $36,479.04, to be assessed against plaintiff's counsel, Vernon L. Bradley. Mr. Bradley did not file an opposition to the motion. Having considered the papers filed in connection with defendant's motion, the court hereby GRANTS in part and DENIES in part defendant's motion for attorneys' fees.

      The factual background of this mortgage case is set out in this court's order denying plaintiff's motion to remand and granting defendant's motion to dismiss the first amended complaint. See Dkt. 35. To summarize the procedural background, plaintiff first filed suit in state court on February 8, 2013, and defendant removed the case to this court on February 21, 2013. On March 15, 2013, plaintiff filed an amended complaint, and on the same day, filed a motion for preliminary injunction. The court held a hearing on the preliminary injunction motion on April 17, 2013, and issued an order denying the motion on April 22, 2013, finding that plaintiff had failed to establish a likelihood of success on the merits of her

claims.  See Dkt. 27.

The court then held a hearing on plaintiff's motion to remand and defendant's motion to dismiss, and on July 9, 2013, denied the motion to remand and granted the motion to dismiss.  See Dkt. 35.  The dismissal was with prejudice as to the majority of plaintiff's claims (which related to the origination of plaintiff's loan, defendant's standing to foreclose, and defendant's alleged dual-tracking), but plaintiff was given leave to amend as to any claims that were "based on plaintiff's attempted loan modification."  Id.  Plaintiff was given until August 8, 2013 to file a second amended complaint.

Plaintiff did not file an amended complaint by the deadline, and instead filed a notice of appeal to the Ninth Circuit on August 8, even though the court's dismissal order granted leave to amend on certain claims and was thus not a final, appealable order.  See Dkt. 36.  Then, on September 25, 2013 (while plaintiff's appeal was still pending), plaintiff also filed an "ex parte application for entry of order staying foreclosure pending appeal and demand for reinstatement amount."  See Dkt. 42.  The next day, defendant filed a response indicating that it had already provided plaintiff with a reinstatement amount.  See Dkt. 43.  On September 27, 2013, the court issued an order denying plaintiff's application, noting that the application was moot to the extent that it sought a reinstatement amount, and that in all other respects, it was duplicative of plaintiff's already-denied motion for preliminary injunction.  See Dkt. 45.

Then, plaintiff went back to the Ninth Circuit, and filed an "emergency motion for injunction pending appeal" on October 2, 2013.  The Ninth Circuit denied the motion, and on October 16, 2013, the Ninth Circuit issued an order indicating that it may lack jurisdiction over plaintiff's appeal, because "the district court's order dismissing the complaint with leave to amend is not a final, appealable order."  Plaintiff was directed to "move for voluntary dismissal of the appeal or show cause why it should not be dismissed for lack of jurisdiction."  Plaintiff failed to respond to the order, and on November 25, 2013, the appeal was dismissed for failure to prosecute.

After the appeal's dismissal, defendant moved this court for an order dismissing the

complaint with prejudice, based on plaintiff's failure to comply with this court's July 9, 2013 order directing her to file a second amended complaint. Plaintiff did not oppose the motion, and on December 19, 2013, the court dismissed the complaint and entered judgment in favor of defendant. The court's dismissal order was based on plaintiff's failure to (1) file an amended complaint in response to this court's July 9, 2013 order, (2) respond to the Ninth Circuit's October 16, 2013 order, and (3) oppose or otherwise respond to Wells Fargo's motion to dismiss. See Dkt. 50. Defendant now moves for an award of attorneys' fees to be assessed against plaintiff's counsel, Mr. Bradley.

      Defendant's motion is largely based on a contractual attorneys' fee provision contained within the promissory note and deed of trust on the subject property. However, as noted above, defendant does not seek fees from plaintiff, and seeks fees only from plaintiff's counsel himself, who was not a party to either of these contracts. While some courts within this district have assessed fees against a plaintiff's counsel based on a contractual attorneys' fee provision, this court declines to do so here. Thus, to the extent that defendant seeks an award of attorneys' fees from Mr. Bradley based on provisions contained within the promissory note and deed of trust, the motion is DENIED.

      However, aside from the contractual fee provision, defendant also seeks fees based on 28 U.S.C. § 1927, which allows the court to award fees against "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously." Defendant also notes that the court has the authority to order sanctions against an attorney for bad faith conduct in litigation. Primus Automotive Financial Services, Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997); see also Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980). Because any award of fees will be assessed against Mr. Bradley, and not plaintiff herself, the court will base its findings on section 1927 and on the court's power to sanction, rather than on the contractual attorneys' fee provision. Thus, the court will not award the entire amount sought by defendant, and will instead determine a fee award amount based on the extent to which Mr. Bradley multiplied the proceedings unreasonably and vexatiously and/or acted in bad faith.

In its motion, defendant argues that the procedural history of this case "reflects a number of frivolous and meritless filings, unsupported by any facts, which were brought only to delay the foreclosure sale," and points out five specific examples:  (1) plaintiff's motion for preliminary injunction, (2) plaintiff's motion to remand, (3) "ruling on Wells Fargo's motion to dismiss," which discusses the dismissal of plaintiff's first amended complaint (with leave to amend only on loan-modification-related claims) and plaintiff's appeal to the Ninth Circuit, (4) plaintiff's ex parte application to delay the foreclosure sale, and (5) "Wells Fargo's motion to dismiss for failure to prosecute," which also refers to plaintiff's failure to file a second amended complaint.

The court finds that some, but not all, of these filings led to unreasonable and vexatious multiplication of the proceedings and/or constituted bad faith.

First, as to plaintiff's motion for preliminary injunction (category (1) above), the court disagrees that it was "frivolous and meritless."  The court notes that, while this case was still in state court, plaintiff had obtained a temporary restraining order preventing foreclosure, and the state court had set a hearing on plaintiff's motion for preliminary injunction.  After defendant removed the case, plaintiff filed a motion for preliminary injunction in this court.  While the court ultimately denied plaintiff's preliminary injunction motion, it did find that plaintiff's loan-modification-related arguments could not be "easily reject[ed]."  See Dkt. 27.  Thus, the court does not find that plaintiff's counsel acted unreasonably, vexatiously, or in bad faith by filing the preliminary injunction motion.

Second, the court disagrees with defendant's characterization of plaintiff's motion to remand (category (2) above) as "clearly frivolous."  The remand motion was based on the argument that Wells Fargo is a citizen of California, its principal place of business, as well as South Dakota, its state of association.  That argument has been accepted by at least one court in this district.  See Martinez v. Wells Fargo Bank, 946 F.Supp.2d 1010 (N.D. Cal. 2013).  While this court ultimately declined to follow Martinez, it does not find that plaintiff's counsel acted unreasonably, vexatiously, or in bad faith by attempting to persuade the court to do so.

4

Defendant's arguments regarding category (3) are less than clear, as its motion mentions the dismissal of plaintiff's first amended complaint, and also discusses plaintiff's appeal to the Ninth Circuit, which was ultimately dismissed for failure to prosecute. Defendant does not explain how the court's "ruling on Wells Fargo's motion to dismiss" constituted unreasonable, vexatious, or bad faith conduct on the part of Mr. Bradley – while the failure to file an amended complaint in response to the order was indeed unreasonable, the only fees incurred in connection with that conduct are covered by category (5). And while the court strongly agrees that Mr. Bradley's appeal of a non-final order was indeed unreasonable, vexatious, and in bad faith, defendant has expressly stated that it "is not seeking to recover its attorneys' fees for work on the appeal." See Dkt. 52-1 at 4. Thus, the court will not award any fees under section 1927 based on category (3).

As to category (4), the court agrees that Mr. Bradley's conduct was unreasonable, vexatious, and in bad faith. Having already lost the motion for preliminary injunction, Mr. Bradley simply re-filed that same motion in a different guise. The court said as much in its order denying the application, noting that "plaintiff has already moved this court for a preliminary injunction, based on the same arguments presented in this motion," and that "[a]ll of these arguments were considered and rejected by this court in its denial of plaintiff's preliminary injunction motion." See Dkt. 45. Thus, the court will award fees under section 1927 for the conduct in category (4).

Finally, as to category (5), the court finds that Mr. Bradley acted unreasonably, vexatiously, and in bad faith by failing to respond to the court's July 9 order, which necessitated the filing of defendant's motion to dismiss for failure to comply with a court order. Thus, the court will award fees under section 1927 for the conduct in category (5).

As stated above, the court will award fees under section 1927 for the conduct in categories (4) and (5). Though defendant does not specifically delineate which portion of the requested fees correspond to the above categories, it does provide a timeline of fees incurred, which allows the court to determine the proper fee amount attributable to each category.

The conduct described in category (4) occurred in September 2013.  During that month, defendant incurred $1,174 in fees, $1,033.12 of which were ultimately paid after its client discount.  Thus, the court awards $1,033.12 in fees based on category (4).

The conduct described in category (5) occurred during November 2013.  During that month, defendant incurred $1,227.50 in fees, $1,080.20 of which were ultimately paid after its client discount.  Thus, the court awards $1,080.20 in fees based on category (5).

Based on the foregoing, defendant's motion for attorneys' fees is GRANTED in aprt and DENIED in part.  Plaintiff's counsel, Vernon Bradley, is ordered to pay attorneys' fees to defendant in the amount of **$2,113.32**.

**IT IS SO ORDERED.**

Dated: May 5, 2014

_____
PHYLLIS J. HAMILTON
United States District Judge